UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED IN OPEN COURT
THIS 19th DAY OF May 2010
LEE ANN BENNETT, CLERK
UNITED STATES BANKRUPTCY COURT

In re:

**MIRABILIS VENTURES, INC.,**

**CASE NO. 6:08-bk-04327-KSJ**
**CHAPTER 11**

Debtor,

_____/

**DEBTOR'S EXHIBIT LIST FOR EVIDENTIARY HEARING ON DEBTOR'S
MOTION TO CONFIRM PROPERTY OF THE ESTATE UNDER THE COURT
APPROVED COMPROMISE WITH THE UNITED STATES OF AMERICA
(DE# 526)**

**May 19, 2010**

| EXH. NO. | DATE IDENTIFIED | DATE ADMITTED | BRIEF DESCRIPTION |
|---|---|---|---|
| A | 4/22/10 | 4/22/10 | Government Asset List: Exhibit A to *Motion for Approval of Compromise of Controversy By and Between Debtors and the USA* (DE# 101) |
| B | 4/22/10 | 4/22/10 | Debtor's Asset List: Exhibit B to *Motion for Approval of Compromise of Controversy By and Between Debtors and the USA* (DE# 101) |
| C | 5/19/10 | 5/19/10 | (i) *Motion for Approval of Compromise of Controversy By and Between Debtors and the USA* (DE# 101) and (ii) *Order Approving Compromise of Controversy by and among Debtors and the USA* (DE# 145) |
| D | 5/19/10 | 5/19/10 | Select pleadings from USA v. Frank L. Amodeo (District Court Case No. 6:08-cr-176-Orl-28GJK): (i) *Preliminary Order of Forfeiture* (DE# 46; and (ii) *Final Order of Forfeiture as to Certain Assets* (DE# 76) |
| E | 5/19/10 | 5/19/10 | Charts proposed by Debtor's President dated 10/8/08 utilized to negotiate the settlement |

Bankruptcy 4825-7159-9116.3
41582/0001

| | | | |
|---|---|---|---|
| F | 5/19/10 | 5/19/10 | Handwritten settlement meeting notes of the Debtor's President dated 10/8/08 |
| G | 5/19/10 | 5/19/10 | Handwritten settlement meeting notes of the Debtor's President dated 10/31/08 |
| H | 5/19/10 | 5/19/10 | Schedule "B" |
| I | 5/19/10 | 5/19/10 | Statement of Financial Affairs filed by the Debtor |
| J | 5/19/10 | 5/19/10 | Select pleadings from Mirabilis Ventures, Inc. and Nexia Strategy Corporation v. Palaxar Group, LLC, et al. (District Court Case No. 6:07-cv-01788-Orl-28KRS): (i) *Notice of Appearance* by the USA (DE# 224); (ii) *USA's Objection to Substitution of Counsel for Nexia Strategy Corporation* (DE# 225); and (iii) *Order on Motion for Substitution of Counsel* (DE# 236) |
| K | 5/19/10 | 5/19/10 | *Order Setting Evidentiary Hearing on Debtor's Motion to Confirm Property of the Estate Under the Court Approved Compromise with the USA* (DE# 538) |
| | | | |

By: _____

Deputy Clerk, In Attendance

-2-

# EXHIBIT IDENTIFICATION COVER SHEET

Debtor Exhibit No. __A__

Debtor _____ Mirabilis Ventures, Inc.

Case No. _____ 6:08-bk-04327-KSJ

Plaintiff(s)
_____

Defendant(s)
_____

Adv. Proc. No. _____

Filed for Identification _____ 4/22/10

Admitted in Evidence _____ 4/22/10

Date _____ 5/19/10

Nature of Proceeding ___ Evidentiary Hearing on Debtor's
Motion to Confirm Property of the Estate Under the Court
Approved Compromise with the United States of America
(DE# 526)

United States Bankruptcy Court
for the Middle District of Florida

By _____,
    Clerk

**Government Asset List**

The properties subject to forfeiture in the pending criminal and/or civil forfeiture cases are:

(a)     614 Lake Avenue, Orlando, FL;

(b)     709 Euclid Avenue, Orlando, FL;

(c)     1159 Delaney Avenue, Orlando, FL;

(d)     Proceeds from the sale of 509 Riverfront Parkway, Chattanooga, TN – Mirabilis Equity interest and unsecured claims of Mirabilis and its affiliates;

(e)     4905 Research Drive, Huntsville, AL;

(f)     102 West Whiting Street, Tampa, Florida;

(g)     2006 BMW 750Li, VIN #WBAHN8353GDT30059;

(h)     2006 Black Harley Davidson, VIN #1HD1BWB156Y077592;

(i)     2006 Mercedes Benz CLS 500C Coupe, VIN #WDDDJ75X46A032858;

(j)     2006 Mercedes Benz CLS 55AMG, VIN # WDDDJ76X66A055945;

(k)     Gates Learjet Model 25D Aircraft No. 4488W;

(l)     $253,487.45.00 in proceeds seized from the Trust Account of the law firm of Balch Bingham LLP;

(m)     $101,393.86 in proceeds seized from the Trust Account of the law firm of Shutts & Bowen;

(n)     $42,419.72 in proceeds seized from the Trust Account of the law firm of Mateer and Harbert;

(o)     $100,000.00 in proceeds seized from the Trust Account of the law firm of Maher, Guily, Maher PA;

(p)     $105,922.96 in proceeds seized from the Trust Account of the law firm of Martin, Pringle, Oliver, Wallace, & Baur LLP;

(q)     $50,000 In proceeds seized from the Trust Account of the law firm of Bieser, Greer & Landis LLP;

(r)     $8,518.30 in proceeds seized from the Trust Account of the law firm of Allen, Dyer, Doppelt, Milbrath & Gilchrist PA;

(s)     $25,000 in proceeds seized from the Trust Account of the law firm of Valenti, Hanley & Robinson PLLC;

(t)    $10,000 in proceeds seized from the Trust Account of the law firm of Brown, Stone, & Nimeroff LLC;

(u)    $21,900 in proceeds seized from the Trust Account of the law firm of Hunt Rudd PA;

(v)    $41,029.54 in proceeds seized from the Trust Account of the law firm of Ford & Harrison PA;

(w)    $12,528.51 in proceeds seized from the Trust Account of the law firm of Broad & Cassel;

(x)    $20,754.19 in proceeds seized from the Trust Account of the law firm of Latham, Shuker, Barker, Eden, & Beaudine LLC;

(y)    $13,100.99 in proceeds seized from Fifth Third Bank Account No. 7440599020 in the Name of Soone Business Development;

(z)    $37,629.16 in proceeds seized from the trust account of the law firm of Charles W. McBurney, Jr.;

(aa)    A promissory note in the amount of $3,500,000.00 dated on or about May 7, 2007 between Wellington Capital and Worker's Temporary Staffing, Inc., including payments of $63,000.00 per month;

(bb)    All payments due under the promissory note in the amount of $5,500,000.00 dated May 27, 2007 between Mirabilis Ventures, Inc. and Conrad D. Eigenmann, Jr. after the January 2009 payment;

(cc)    The assets of the following corporations, including but not limited to the below listed lawsuits and/or settlements:

Anthony T. Sullivan v. AQMI Strategy (07-CA-0015981-0);
Michael Mapes, et al. v. Wellington Capital Group, Inc.(8:07cv77);
Dutko Global Advisors LLC v. AQMI Strategy Corporation (48-2007-CA-018164-0);
Providence Property & Casualty Insurance Co, et al. v. Paradyme, Inc., d/b/a Presidion Solutions VI (4:07-CV-202)
Presidion Corporation v. Arrow Creek, Inc., et al. (50-2006-CA-0014170)

Corporations:

AQMI Strategy Corporation,
Nexia Strategy Corporation,
Presidion Solutions, Inc.,
Professional Benefit Solutions, Inc.,
   d/b/a Presidion Solutions VII, Inc.
Quantum Delta Enterprises, Inc.,
   d/b/a Siren Resources, Inc.,
      Titanium Technologies, Inc.,
   f/k/a Titanium Consulting Services, Inc.,
Tenshi Leasing, Inc.
Wellington Capital Group, Inc.

Exhibit A

# EXHIBIT IDENTIFICATION COVER SHEET

Debtor Exhibit No. __B__

Debtor _____ Mirabilis Ventures, Inc.

Case No. _____ 6:08-bk-04327-KSJ

Plaintiff(s)

_____

Defendant(s)

.  _____

Adv. Proc. No. _____

Filed for Identification _____ 4/22/10

Admitted in Evidence _____ 4/22/10

Date _____ 5/19/10

Nature of Proceeding ___ Evidentiary Hearing on Debtor's
Motion to Confirm Property of the Estate Under the Court
Approved Compromise with the United States of America
(DE# 526)

United States Bankruptcy Court
for the Middle District of Florida

By _____,
    Clerk

## Debtor's Asset List

The properties subject to forfeiture in the pending criminal and/or civil forfeiture cases are:

(a)    3801 Carolina Avenue, Richmond, VA;

(b)    The funds, if any, generated by the fraudulent transfer lawsuit from the sale of 509 Riverfront Parkway, Chattanooga, TN;

(c)    January 2009 payment due under a promissory note in the amount of $5,500,000.00 dated on or about May 27, 2007 between Mirabilis Ventures, Inc. and Conrad D. Eigenmann, Jr.;

(d)    The assets of the following corporations, including but not limited to the below listed lawsuits and/or settlements:

Corporations:

AEM, Inc., d/b/a Mirabilis HR,
Hoth Holdings, LLC,
Mirabilis Ventures, Inc.,

Lawsuits:

| Style of case | Location | Case No. |
|---|---|---|
| Mirabilis Ventures, Inc. v. Jeffrey Reichel | Broward County, Florida | CACE 07011827 |
| Mirabilis Ventures, Inc, and Nexia Strategy Corp. v. Palaxar Group, LLC, et al. | Orange County, Florida | 07-co-13191 (37) |
| Mirabilis Ventures, Inc. v. Forge Capital Partners, LLC, et al. | Orange County, Florida | 07-CA-13828 (33) |
| Mirabilis Ventures, Inc. v. J.C. Services, Inc., et al. | U.S.D.C., M.D. Fl. | 6:06-cv-1957-Orl-22KRS |
| AEM, Inc. d/b/a Mirabilis HR v. Sheryl Okken, Progressive Employer Services, LLC, et al. | Brevard County, Florida | 05-2007-CA-006526 |

1
Exhibit B

| Style of case | Location | Case No. |
|---|---|---|
| RKT Constructors, Inc. v. Del Kelley and Robi Roberts | Orange County, Florida | 2007-CA-012599-0 |
| Mirabilis Ventures, Inc. v. Stratis Authority, Inc., et al. | Orange County, Florida | 07-ca-13826 (37) |
| Mirabilis Ventures, Inc. v. Premier Servicing, LLC and Robert Konicki | Orange County, Florida | 07-ca-33197 (34) |
| Mirabilis Ventures, Inc. v. Robert Lowder, et al. | Orange County, Florida | 2006-CA-005742-0 |
| Kenneth Hendricks, et al. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | U.S.D.C., M.D.Fl. | 8:07-cv-661-T17EAJ |
| Kenneth Hendricks, et al. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | Hillsborough County, Florida | DC-07-014201J |
| Berman, Kean & Riguera, P.A. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | Broward County, Florida | 07-024968 (21) |
| Paysource, Inc. And Robert Sacco v. Mirabilis Ventures, Amodeo, et al. (Counterclaim) | U.S.D.C., S.D. Ohio | 3:07cv0129 |
| Prime Acquisition Group, LLC v. Ionic Services, Inc., et al. (Counterclaim) | Palm Beach County, Florida | 502007CA02242 |
| Briarcliff Village, LLC v. Mirabilis Ventures, Inc. | Clay County, Missouri | 07CY-CV09414 |
| William Gregory v. Floyd Road v. Mirabilis Ventures, Inc. (Counterclaim) | Hillsborough County, Florida | 07-CA-010780 |
| Coastal Equity Partners, LLC v. Pacific Atlantic Capital Corp., et al. (Counterclaim) | Henrico County, Virginia | CL07-1960 |

Exhibit B

| Style of case | Location | Case No. |
|---|---|---|
| Liberty Property Limited Partnership v. Mirabilis Ventures, Inc., et al. (Counterclaim, settled) | Duval County, Florida | 162007CA003642 |
| Tranmere Rovers Football Club v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Liverpool, England | 7LV30022 |
| Mark Lang v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Orange County, Florida | 48-2007-CA-002929-0 |
| David Chaviers, Norman Chaviers, Kellie Ledbetter and Tom Hancock v. Mirabilis Ventures, Inc. And Frank Amodeo, et al. (Counterclaim, settled) | U.S.D.C., N.D. Ala. | CV-07-0442-cls |
| Carlton Fields v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Hillsborough County, Florida | 07-CC-038145 |
| Brevard County v. RKT Constructors, Inc. (Counterclaim, settled) | Brevard County, Florida | 05-2007-CA-12251 |
| Bellsouth v. RKT Constructors, Inc., et al. (Counterclaim, settled) | Orange County, Florida | 05-2007-CA-9660-0 |
| Capital Office Products of Volusia County, Inc., v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Volusia County, Florida | 2007-34950 COCI |
| CDW Corporation, Inc. v. Information Systems, Inc. (Counterclaim, settled) | Cook County, Illinois | 2007-L-002446 |
| RKT Constructors, Inc. v. Florida Department of Transportation (Settled) | Broward County, Florida | 05-2003-CA-047397 |

Exhibit B

| Style of case | Location | Case No. |
|---|---|---|
| RKT Constructors, Inc. v. Florida Department of Transportation (Settled) | Broward County, Florida | 05-2006-CA-060518 |

(e)     Any and all property of the following bankruptcy estates, including funds which now constitute or have constituted funds of the estate:

| Style of case | Location | Case No. |
|---|---|---|
| Sam Hopkins, Trustee v. Todd Pattison and Mirabilis Ventures, Inc. | U. S. Bankruptcy Court, D. Idaho | 08-08005-JDP |
| In Re: Mirabilis Ventures, Inc. | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04327-KSJ |
| In Re: Hoth Holdings, LLC | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04328-KSJ |
| In Re: AEM, Inc. | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04681 |
| In Re: North American Communications | U. S. Bankruptcy Court, D. Utah | 2:07-bk-24900 |

# EXHIBIT IDENTIFICATION COVER SHEET

Debtor Exhibit No. __C__

Debtor _____ Mirabilis Ventures, Inc. _____

Case No. _____ 6:08-bk-04327-KSJ _____

Plaintiff(s)

_____

Defendant(s)

_____

Adv. Proc. No. _____

Filed for Identification _____ 5/19/10

Admitted in Evidence _____ 5/19/10

Date _____ 5/19/10

Nature of Proceeding __ Evidentiary Hearing on Debtor's
Motion to Confirm Property of the Estate Under the Court
Approved Compromise with the United States of America
(DE# 526)

United States Bankruptcy Court
for the Middle District of Florida

By _____,
Clerk

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:                                              CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                           CHAPTER 11

                        Debtor.
_____/

**MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY**
**BY AND BETWEEN DEBTORS AND THE UNITED STATES OF AMERICA**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

   Pursuant to Local Rule 2002-4, the Bankruptcy Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within twenty (20) days from the date of service of this motion. If you object to the relief requested in this motion, you must file your objection with the Clerk of the Bankruptcy Court at 135 W. Central Blvd., Suite 950, Orlando, Florida 32801, and serve a copy on Elizabeth Green, Esq., Latham, Shuker, Eden & Beaudine, LLP, P.O. Box 3353, Orlando, Florida 32802-3353.

   If you file and serve an objection within the time permitted, the Bankruptcy Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Bankruptcy Court will consider that you do not oppose the granting of the relief requested in the motion, will proceed to consider the motion without further notice or hearing, and may grant the relief requested.

---

**MIRABILIS VENTURES, INC.** ("Mirabilis"), along with its related entities), Hoth Holdings, LLC ("Hoth"), and AEM, INC. ("AEM")(collectively, "Debtors"), by and through their undersigned attorneys, and pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(3) and 9019(a), hereby file this Motion for Approval of Compromise of Controversy By and Between Debtors and the United States of America ("Motion") and, in support, state as follows:

## Background Facts and Procedural Posture

1. On May 27, 2008, the Debtors filed voluntary petitions for relief with the United States Bankruptcy Court for the Middle District of Florida: *In re Mirabilis Ventures, Inc.*, Case No. 6:08-bk-04327-KSJ, *In re Hoth Holdings, LLC*, Case No. 6:08-bk-04328-KSJ, and *In re AEM, Inc.*, Case No. 6:08-bk-04681 ("Bankruptcy Cases"). (Bankr. Doc. No. 1).

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334. Venue in this district is proper pursuant to 28 U.S.C. §1409.

4. The statutory predicate for the relief sought herein is Bankruptcy Code section 105.

5. On April 25, 2008, the United States of America ("USA") filed an *in rem* Civil Forfeiture Complaint Case No. 6:08-cv-00067-MSS-KRS in the District Court for the Middle District of Florida, Orlando Division ("Civil Complaint") against certain property owned by Mirabilis. (Civil Complaint Doc No. 1). On September 4, 2008 the USA amended the Civil Complaint, to add additional property, including property owned by Mirabilis. (Civil Complaint Doc. No. 67).

6. On August 6, 2008, the United States of America ("USA") indicted Frank L. Amodeo ("Amodeo"), for conspiracy, failure to remit payroll taxes, wire fraud, and obstruction of an agency investigation. *See United State of America v. Frank L. Amodeo*, Case No.: 08-cr-176-Orl-28-GJK (Dist. Court Doc. No. 1).

7.     The indictment contains criminal forfeiture provisions which seek the forfeiture, *inter alia*, of all assets of the estates of the Debtors and their related entities.

8.     On August 14, 2008, USA filed a motion to intervene and to stay the Debtors' bankruptcy cases with this Court ("Intervener Motion")(Bankr. Doc. No. 48).

9.     In the Motion, USA seeks to stay the Bankruptcy Case in an effort to pursue a forfeiture action against property of the Debtors including, but not limited to, proceeds seized in the various law firm trust accounts, vehicles, real estate, and other personal property. (Bankr. Doc. No. 48)

10.     Furthermore, USA represented to the Bankruptcy Court that if the items are forfeited, "they will become property of the United States and will not remain in the related bankruptcy estates." (Bankr. Doc. No. 48 at para. 6).

11.     On September 23, 2008, Amodeo plead guilty to five counts of the indictment. (Dist. Court Doc. No. 28 and 33). The plea agreement included an agreement by Amodeo to forfeit all of the proceeds of his conspiracy charged in Count One, including the assets of the Debtors' bankruptcy estates.

12.     On September 23, 2008, USA filed a Motion to Dismiss the Bankruptcy case based upon its bad faith filing alleging that the sole purpose of the filing was for Mr. Amodeo's personal benefit (the "Dismissal Motion")(Bankr. Doc. No. 71).

13.     On September 29, 2008, the Intervener Motion was scheduled to be heard before this Court. However, the hearing was postponed by joint stipulation of both parties, and the Dismissal Motion and the Intervener Motion were set for October 17, 2008.

14.     On September 29, 2008 the USA filed a motion in the Amodeo Criminal Case for entry of a Preliminary Order of Forfeiture ("Forfeiture Motion")(District Court Case Doc. No. 40). In its Motion, the USA sought the forfeiture of a significant number of assets, including the Debtors' assets, and authority to seize of all of the assets sought for forfeiture.

15.     On October 2, 2008, the District Court entered a Preliminary Order of Forfeiture ("Preliminary Forfeiture Order"). (Dist. Court Doc. No. 46).   Pursuant to the Preliminary Forfeiture Order, the USA may seize property forfeited under the Order immediately, regardless of the Debtors' appeal.

16.     On October 3, 2008, the Debtors filed an Emergency Motion to Enforce Automatic Stay and for Sanctions in the Bankruptcy Case ("Sanctions Motion"). (Bankr. Doc. No. 89).

17. On October 30, 2008 the USA indicted Mirabilis and AEM, alleging conspiracy to divert payroll taxes.   The Mirabilis and AEM incitements include criminal forfeiture counts.

### The Controversy

18.     The crux of the controversy between the Debtors and the USA is whether the USA has the legal right and authority to seize property of the Debtors, which is largely the subject of the Intervener Motion, Dismissal Motion, Forfeiture Motion and Sanctions Motion. USA has asserted in the District Court Case that Frank Amodeo used funds and assets of the Debtors to commit fraud against third parties, and that by Frank Amodeo's own admission, those assets, some of which are titled to the Debtors, are subject to criminal and civil forfeiture.

19.     USA believes that it is  entitled to seize property of the Debtors despite the current Bankruptcy Cases and the automatic stay, because civil and criminal forfeitures are

exempt from the application of the automatic stay pursuant to 11 U.S.C. §§ 362(b)(1) and (4). The USA further believes that the Debtors do not have a claim to the forfeitable property superior to that of the USA as set defined in 21 U.S.C. § 853(n)(6); therefore, while the Debtors may assert a claim in the forfeiture proceeding, the USA believes such claim will be denied by the district court.

20.    Debtors have asserted, among other things, that the civil and criminal forfeiture actions by the USA are a violation of the automatic stay provision of the Bankruptcy Code that the actions of the USA are not exempt from the automatic stay, and that any claim or action is to enforce pecuniary claims of the USA and are therefore not subject to seizure. The Debtors have also asserted that the District Court does not have jurisdiction over the Debtors' assets and any relief granted by the District Court regarding the Debtors' assets is not proper. Furthermore, the Debtors assert that the action of the USA violate the Due Process Clause of the Fifth Amendment of the United States Constitution by failing to provide adequate and timely notice of a taking. Lastly, the Debtors allege that the USA's actions violate public policy and the Bankruptcy Code's intent because granting such relief would allow the USA to side-step the Bankruptcy process to the detriment of the Debtors, the Debtors' creditors and other parties in interest.

21.    Debtors have asserted that by attempting to seize, funds, lawsuit proceeds and other property that may belong to the Debtors and its creditors, USA's continued collection actions are unlawful.

22.    Furthermore, the Debtors and USA disagree as to what property is subject to forfeiture, if such forfeiture was allowed.

**The Compromise**

23.     On October 8, 2008, and subsequent to this date, Debtors counsel and USA met to discuss possible global resolutions of all issues which have been raised, or could be raised, between USA and the Debtors, including the resolution of all outstanding motions.

24.     In full and final resolution of these issues, claims and demands, the parties have agreed that it is in the best interest of all parties to reach an agreement related to the administration of assets of the Debtors.  The Debtors' assets will be divided between those that will continue to be administered by the Debtors' bankruptcy estate and those forfeited to the USA

25.     The following assets, as more fully set forth in **Exhibit "A",** shall be forfeited to the USA:

        a.     The equity interest of Mirabilis and the Unsecured Claims of Mirabilis and its related entities in the WinPar bankruptcy estate, Case No. 07-11908, pending in the Eastern District of Tennessee, shall be forfeited to the USA.   However, the Mirabilis bankruptcy estate will retain all rights to the funds, if any, generated by the WinPar estate as a result of the fraudulent transfer action styled, Richard P. Jahn, Jr. as Trustee v. Atlantic American Capital Group, LLC et. al. filed on August 6, 2008. (WinPar Adv. Doc. No. 1) ("WinPar Fraudulent Transfer Action").  If for any reason the validity of Atlantic American's lien is determined by the forfeiture court(s) the funds related to the WinPar Fraudulent Transfer Action will be transferred to the forfeiture court pending entry of a final judgment of forfeiture.

        b.     The note in the principal amount of $5,500,000.00 dated May 27, 2007 payable to Mirabilis from Conrad D.  Eigenmann, Jr. ("Eigenmann Note") shall be forfeited to

the USA, however, the payment due on the note in January 2009, which is based upon a formula and will be not less than $100,000.00, shall be paid to the Mirabilis bankruptcy estate and administered by the Mirabilis bankruptcy estate. The USA agrees that for a period of 12 months, it will delay sale of the Eigenmann Note and will allow the Mirabilis estate to market for sale or otherwise attempt to compromise the Eigenmann Note, subject to approval by the USA.

      c.     All retainers seized from attorney's trust accounts, pursuant to warrants issued by the USA, which are the subject of the Civil and Criminal forfeiture actions shall be forfeited to the USA.

26.     Assets to be retained and administered by the Debtors bankruptcy estates, as more fully set forth in **Exhibit "B"** are as follows:

      a.     The funds, if any, generated by the WinPar estate as a result of pending the WinPar Fraudulent Transfer Action against Atlantic American. If for any reason the validity of Atlantic American's lien is determined by the forfeiture court(s) the funds related to the WinPar Fraudulent Transfer Action will be transferred to the forfeiture court pending entry of a final judgment of forfeiture.

      b.     Any causes of action of the Debtors against insurance carriers, or for malpractice against professionals shall be retained by the Debtors estates.

      c.     All causes of action, including but not limited to fraudulent transfer causes of action shall be retained by the Debtors, provided however, that the Debtors will not bring fraudulent transfer actions to recover assets set forth on **Exhibit "A"**.

      d.     The fraudulent transfer action filed by Hoth Holdings against Coastal Equity Partners, LLC. et. al. on August 1, 2008. ("Hoth Adversary") (Hoth Adv Doc. No. 1) shall

remain an asset of the Hoth bankruptcy estate, and any proceeds from the Hoth Adversary shall remain property of the bankruptcy estate. The USA agrees not to directly forfeit the property located at 3801 Carolina Ave, Richmond, Virginia, which is the subject of the Hoth Adversary, subject to the provisions of Paragraph 28 below.

e. The note payable to AEM from O2HR dated June 1, 2007 in the amount of $2,235,800.00 shall be an asset of the AEM bankruptcy estate. The note payable to National Med-Staff, Inc. dated June 1, 2007 in the amount of $188,300.00 shall be an asset of the Mirabilis bankruptcy estate ("O2HR Notes"). The USA agrees not to directly forfeit the O2HR Notes, subject to the provisions of Paragraph 28 below.

27. Any and all property of the Debtors' estates not specifically set forth herein shall remain property of the bankruptcy estates. Likewise, any and all property set forth on **Exhibit "A"**, and not specifically set forth above, shall be forfeited to the USA.

28. In addition, the Debtors shall amend the schedules to include an unsecured forfeiture claim in the Mirabilis and AEM cases for USA in the amount of $200,000,000.00 ("Forfeiture Claim"). The Debtors will propose a plan of reorganization which creates a liquidating trust and consolidates the AEM and Mirabilis cases. R. W. Cuthill, Jr. ("Cuthill") will serve as the Trustee, and the USA, as an unsecured creditor, will retain an oversight role. The Plan will provide that subsequent to confirmation, professional fees paid by the trust will be noticed to creditors on a ten day negative notice basis and may be subject to objection. In the event an objection is filed, the court will retain jurisdiction pursuant to the plan to resolve any dispute related therein. Any and all funds paid to the USA by the bankruptcy estates shall be forfeited to the USA in partial satisfaction of the money judgment already entered against

defendant Frank Amodeo. Because the USA seeks entry of corresponding money judgments against defendants Mirabilis and AEM in the pending Indictment and such money judgments would create joint and several liability against all three defendants, any funds credited towards the money judgment entered against defendant Frank Amodeo would also be in partial satisfaction of any money judgments entered against Mirabilis and AEM.

29. The Debtors shall pay LM Liquidators, Inc. to continue to act as the repository for the electronic and paper documents of Mirabilis and its affiliates and subsidiaries located at 4602 35th Street SW, Orlando, FL. and 1604 Premier Road, Orlando, Florida. These payments will include payment for labor and reimbursement of expenses such as rent, utilities, security, maintenance, and other expenses associated with the safekeeping of the documents. The USA and the Debtors shall cooperate in maintaining the documents which shall remain in the sole custody and control of the USA.

30. The Debtors will withdraw and/or will agree not to file any claims in the related forfeiture cases and hereby waive their right to any future notice in such actions.

31. All pending motions filed by the USA, in the bankruptcy cases, and all pending motions filed by the Debtors against the USA shall be withdrawn with prejudice.

32. The Debtors will pursue all claims objections, if applicable, and USA will assist in providing information, permitted by law, related to the claims objections.

33. Cuthill shall voluntarily be available to testify and will share all work papers with USA, provided that there is not conflict of interest.

34. Debtors have reviewed the payment of attorney's fees to Leventhal and Slaughter, P.A., A. Brian Phillips, P.A., Sands, White & Sands, P.A., and Robert E. Panoff, P.A. ("Criminal

Attorneys") and agree that the bankruptcy estate may not have claims for repayment of the attorney's fees to the criminal attorneys or the attempt to recover the attorneys fees from the criminal attorneys would not be in the best interest of the estate.

35.   This agreement will remain in full force and effect between the USA and the Debtors until entry of an order on the compromise by the Bankruptcy court.

36.   Debtors believe that this compromise is in the best interest of the creditors of the Debtors' estate because it avoids the time, expense, and uncertainty of litigating the issues presented in this motion and enables the Debtors to concentrate their efforts on the current case.

**WHEREFORE**, Mirabilis Ventures, Inc., respectfully requests that this Court enter an order granting the Motion for Approval of the Compromise of Controversy by and between the Debtors and the United States of America and granting such further relief that this Court deems just and proper.

**DATED** this 25th day of November, 2008.

| | |
|---|---|
| /s/ I. Randall Gold<br>I. Randall Gold, Esq.<br>Florida Bar No.: 0268062<br>United States Attorney's Office<br>501 West Church Street, Suite 300<br>Orlando, FL 32805<br>Telephone: (407) 648-7500<br>Facsimile: (407) 648-7643 | /s/ Elizabeth A. Green<br>Elizabeth A. Green, Esq.<br>Florida Bar No.: 0600547<br>Latham, Shuker, Eden & Beaudine, LLP<br>390 N. Orange Ave., Suite 600<br>Orlando, FL 32801<br>Telephone: (407) 481-5800<br>Facsimile: (407) 481-5801 |
| /s/ Anita M. Cream<br>Anita M. Cream, Esq.<br>Florida Bar No.: 056359<br>United States Attorney's Office<br>400 N. Tampa Street, Suite 3200<br>Tampa, FL 33602<br>Telephone: (813) 274-6301<br>Facsimile: (813) 274-6220 | |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                          CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                       CHAPTER 11

                    Debtor.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the **MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY BY AND AMONG DEBTORS AND THE UNITED STATES OF AMERICA** has been furnished by electronic transmission and/or U.S. First Class mail, postage prepaid, to: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., President, c/o 341 N. Maitland Ave, Suite 210, Maitland, Florida 32751; I. Randall Gold, United States Attorney's Office, 501 West Church Street, Suite 300, Orlando, FL 32805; all creditors as shown in the matrix attached hereto; and the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801 on this 25th day of November 2008.

                                        /s/ Elizabeth A. Green
                                        Elizabeth A. Green, Esq.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                          CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                       CHAPTER 11

Debtor.

_____/

## ORDER APPROVING COMPROMISE OF CONTROVERSY BY AND AMONG DEBTORS AND THE UNITED STATES OF AMERICA

**THIS CASE** came on for hearing on February 18, 2009, upon the motion ("Motion")(Doc. No. 101) filed by MIRABILIS VENTURES, INC. ("MVI"), along with its related entities, HOTH HOLDINGS, LLC ("Hoth"), and AEM, INC. ("AEM")(collectively, the "Debtors"), for the approval of a proposed compromise by and among the Debtors and the United States of America ("USA"). The terms of the compromise are substantially set forth in the Motion and the Settlement Agreement Terms set forth in Exhibit "A" and Exhibit "B" (the "Agreement"), copies of which are attached to the Motion. In the Motion, the Debtor seeks the approval of the Bankruptcy Court with respect to the Agreement reached by and among the above-referenced parties.

Upon consideration of the Motion, the Court determined that: (i) the Motion was served upon the United States Trustee and all interested parties with the Local Rule 2002-4 negative-notice legend informing the parties of their opportunity to object within twenty (20) days of the date of service, and (ii) no party filed an objection within the time permitted or all objections were withdrawn prior to the hearing. It is hereby

**ORDERED:**

1.      The Motion is granted. The Agreement is approved.

2.     The Debtors and the USA are authorized and directed to consummate the

compromise in accordance with the terms of the Agreement.

**DONE AND ORDERED** on March 4, 2009.



_____

**KAREN S. JENNEMANN**
United States Bankruptcy Judge

Copies furnished to:

Debtor:  Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., President of Mirabilis Ventures, Inc., 341
N. Maitland Ave., Ste. 210, Maitland, FL  32751;

Mirabilis Ventures, Inc., c/o Aaron Bates, Esq., Bates Mokwa, 126 E. Jefferson Street, Orlando,
FL 32801;

Debtor's Counsel:  Elizabeth A. Green, Esq., Latham, Shuker, Eden & Beaudine, LLP, P.O. Box
3353, Orlando, FL 32802-3353;

Assistant United States Attorney, I. Randall Gold, Esq., Assistant United States Attorney, Office
of the U.S. Attorney, 501 N. Church Street, Suite 300, Orlando, FL 32805;

Office of the U.S. Trustee, 135 W. Central Blvd., Ste. 620, Orlando, FL  32801; and

Local Rule 1007-2 Parties-in-Interest

F:\CME\CF\SCANNED PDF DOCUMENTS\JUDICIAL ASSISTANTS\JUDGE JENNEMANN'S JA\MIRABILIS\08-BK-4327-KSJ-ORDER_APPROVING_COMPROMISE_OF_CONTROVERSY-1PVASYP2WJ.DOC

2

**Government Asset List**

The properties subject to forfeiture in the pending criminal and/or civil forfeiture cases are:

(a)    614 Lake Avenue, Orlando, FL;

(b)    709 Euclid Avenue, Orlando, FL;

(c)    1159 Delaney Avenue, Orlando, FL;

(d)    Proceeds from the sale of 509 Riverfront Parkway, Chattanooga, TN – Mirabilis Equity interest and unsecured claims of Mirabilis and its affiliates;

(e)    4905 Research Drive, Huntsville, AL;

(f)    102 West Whiting Street, Tampa, Florida;

(g)    2006 BMW 750Li, VIN #WBAHN8353GDT30059;

(h)    2006 Black Harley Davidson, VIN #1HD1BWB156Y077592;

(i)    2006 Mercedes Benz CLS 500C Coupe, VIN #WDDDJ75X46A032858;

(j)    2006 Mercedes Benz CLS 55AMG, VIN # WDDDJ76X66A055945;

(k)    Gates Learjet Model 25D Aircraft No. 4488W;

(l)    $253,487.45.00 in proceeds seized from the Trust Account of the law firm of Balch Bingham LLP;

(m)    $101,393.86 in proceeds seized from the Trust Account of the law firm of Shutts & Bowen;

(n)    $42,419.72 in proceeds seized from the Trust Account of the law firm of Mateer and Harbert;

(o)    $100,000.00 in proceeds seized from the Trust Account of the law firm of Maher, Guily, Maher PA;

(p)    $105,922.96 in proceeds seized from the Trust Account of the law firm of Martin, Pringle, Oliver, Wallace, & Baur LLP;

(q)    $50,000 In proceeds seized from the Trust Account of the law firm of Bieser, Greer & Landis LLP;

(r)    $8,518.30 in proceeds seized from the Trust Account of the law firm of Allen, Dyer, Doppelt, Milbrath & Gilchrist PA;

(s)    $25,000 in proceeds seized from the Trust Account of the law firm of Valenti, Hanley & Robinson PLLC;

(t)    $10,000 in proceeds seized from the Trust Account of the law firm of Brown, Stone, & Nimeroff LLC;

(u)   $21,900 in proceeds seized from the Trust Account of the law firm of Hunt Rudd PA;

(v)   $41,029.54 in proceeds seized from the Trust Account of the law firm of Ford & Harrison PA;

(w)   $12,528.51 in proceeds seized from the Trust Account of the law firm of Broad & Cassel;

(x)   $20,754.19 in proceeds seized from the Trust Account of the law firm of Latham, Shuker, Barker, Eden, & Beaudine LLC;

(y)   $13,100.99 in proceeds seized from Fifth Third Bank Account No. 7440599020 in the Name of Soone Business Development;

(z)   $37,629.16 in proceeds seized from the trust account of the law firm of Charles W. McBurney, Jr.;

(aa)  A promissory note in the amount of $3,500,000.00 dated on or about May 7, 2007 between Wellington Capital and Worker's Temporary Staffing, Inc., including payments of $63,000.00 per month;

(bb)  All payments due under the promissory note in the amount of $5,500,000.00 dated May 27, 2007 between Mirabilis Ventures, Inc. and Conrad D. Eigenmann, Jr. after the January 2009 payment;

(cc)  The assets of the following corporations, including but not limited to the below listed lawsuits and/or settlements:

Anthony T. Sullivan v. AQMI Strategy (07-CA-0015981-0);
Michael Mapes, et al. v. Wellington Capital Group, Inc.(8:07cv77);
Dutko Global Advisors LLC v. AQMI Strategy Corporation (48-2007-CA-018164-0);
Providence Property & Casualty Insurance Co, et al. v. Paradyme, Inc., d/b/a Presidion Solutions VI (4:07-CV-202)
Presidion Corporation v. Arrow Creek, Inc., et al. (50-2006-CA-0014170)

Corporations:

AQMI Strategy Corporation,
Nexia Strategy Corporation,
Presidion Solutions, Inc.,
Professional Benefit Solutions, Inc.,
        d/b/a Presidion Solutions VII, Inc.
Quantum Delta Enterprises, Inc.,
        d/b/a Siren Resources, Inc.,
                Titanium Technologies, Inc.,
                f/k/a Titanium Consulting Services, Inc.,
        Tenshi Leasing, Inc.
        Wellington Capital Group, Inc.

F:\CMECF\SCANNED PDF DOCUMENTS\JUDICIAL ASSISTANTS\JUDGE JENNEMANN'S JA\MIRABILIS OR BK 4327-KSI-ORDER_APPROVING_COMPROMISE_OF_CONTROVERSY-IPVASYP2W1.DOC

4

## Debtor's Asset List

The properties subject to forfeiture in the pending criminal and/or civil forfeiture cases are:

(a)    3801 Carolina Avenue, Richmond, VA;

(b)    The funds, if any, generated by the fraudulent transfer lawsuit from the sale of 509 Riverfront Parkway, Chattanooga, TN;

(c)    January 2009 payment due under a promissory note in the amount of $5,500,000.00 dated on or about May 27, 2007 between Mirabilis Ventures, Inc. and Conrad D. Eigenmann, Jr.;

(d)    The assets of the following corporations, including but not limited to the below listed lawsuits and/or settlements:

Corporations:

AEM, Inc., d/b/a Mirabilis HR,
Hoth Holdings, LLC,
Mirabilis Ventures, Inc.,

Lawsuits:

| Style of case | Location | Case No. |
|---|---|---|
| Mirabilis Ventures, Inc. v. Jeffrey Reichel | Broward County, Florida | CACE 07011827 |
| Mirabilis Ventures, Inc, and Nexia Strategy Corp. v. Palaxar Group, LLC, et al. | Orange County, Florida | 07-co-13191 (37) |
| Mirabilis Ventures, Inc. v. Forge Capital Partners, LLC, et al. | Orange County, Florida | 07-CA-13828 (33) |
| Mirabilis Ventures, Inc. v. J.C. Services, Inc., et al. | U.S.D.C., M.D. Fl. | 6:06-cv-1957-Orl-22KRS |
| AEM, Inc. d/b/a Mirabilis HR v. Sheryl Okken, Progressive Employer Services, LLC, et al. | Brevard County, Florida | 05-2007-CA-006526 |

EXHIBIT "B"

| Style of case | Location | Case No. |
|---|---|---|
| RKT Constructors, Inc. v. Del Kelley and Robi Roberts | Orange County, Florida | 2007-CA-012599-0 |
| Mirabilis Ventures, Inc. v. Stratis Authority, Inc., et al. | Orange County, Florida | 07-ca-13826 (37) |
| Mirabilis Ventures, Inc. v. Premier Servicing, LLC and Robert Konicki | Orange County, Florida | 07-ca-33197 (34) |
| Mirabilis Ventures, Inc. v. Robert Lowder, et al. | Orange County, Florida | 2006-CA-005742-0 |
| Kenneth Hendricks, et al. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | U.S.D.C., M.D.Fl. | 8:07-cv-661-T17EAJ |
| Kenneth Hendricks, et al. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | Hillsborough County, Florida | DC-07-014201J |
| Berman, Kean & Riguera, P.A. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | Broward County, Florida | 07-024968 (21) |
| Paysource, Inc. And Robert Sacco v. Mirabilis Ventures, Amodeo, et al. (Counterclaim) | U.S.D.C., S.D. Ohio | 3:07cv0129 |
| Prime Acquisition Group, LLC v. Ionic Services, Inc., et al. (Counterclaim) | Palm Beach County, Florida | 502007CA02242 |
| Briarcliff Village, LLC v. Mirabilis Ventures, Inc. | Clay County, Missouri | 07CY-CV09414 |
| William Gregory v. Floyd Road v. Mirabilis Ventures, Inc. (Counterclaim) | Hillsborough County, Florida | 07-CA-010780 |
| Coastal Equity Partners, LLC v. Pacific Atlantic Capital Corp., et al. (Counterclaim) | Henrico County, Virginia | CL07-1960 |

F:\CMECF\SCANNED PDF DOCUMENTS\JUDICIAL ASSISTANTS\JUDGE JENNEMANN'S JA\MIRABILIS 08-BK-4327-KSJ-ORDER_APPROVING_COMPROMISE_OF_CONTROVERSY-IPVASYP2W3.DOC

6

EXHIBIT "B"

| Style of case | Location | Case No. |
|---|---|---|
| Liberty Property Limited Partnership v. Mirabilis Ventures, Inc., et al. (Counterclaim, settled) | Duval County, Florida | 162007CA003642 |
| Tranmere Rovers Football Club v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Liverpool, England | 7LV30022 |
| Mark Lang v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Orange County, Florida | 48-2007-CA-002929-0 |
| David Chaviers, Norman Chaviers, Kellie Ledbetter and Tom Hancock v. Mirabilis Ventures, Inc. And Frank Amodeo, et al. (Counterclaim, settled) | U.S.D.C., N.D. Ala. | CV-07-0442-cls |
| Carlton Fields v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Hillsborough County, Florida | 07-CC-038145 |
| Brevard County v. RKT Constructors, Inc. (Counterclaim, settled) | Brevard County, Florida | 05-2007-CA-12251 |
| Bellsouth v. RKT Constructors, Inc., et al. (Counterclaim, settled) | Orange County, Florida | 05-2007-CA-9660-0 |
| Capital Office Products of Volusia County, Inc., v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Volusia County, Florida | 2007-34950 COCI |
| CDW Corporation, Inc. v. Information Systems, Inc. (Counterclaim, settled) | Cook County, Illinois | 2007-L-002446 |
| RKT Constructors, Inc. v. Florida Department of Transportation (Settled) | Broward County, Florida | 05-2003-CA-047397 |

F:\CMECF\SCANNED PDF DOCUMENTS\JUDICIAL ASSISTANTS\JUDGE JENNEMANN'S JA\MIRABILIS\08-BK-4327-KSJ-ORDER APPROVING COMPROMISE_OF_CONTROVERSY-[PVASYP2W].DOC

1

EXHIBIT "B"

| Style of case | Location | Case No. |
|---|---|---|
| RKT Constructors, Inc. v. Florida Department of Transportation (Settled) | Broward County, Florida | 05-2006-CA-060518 |

(e)    Any and all property of the following bankruptcy estates, including funds which now constitute or have constituted funds of the estate:

| Style of case | Location | Case No. |
|---|---|---|
| Sam Hopkins, Trustee v. Todd Pattison and Mirabilis Ventures, Inc. | U. S. Bankruptcy Court, D. Idaho | 08-08005-JDP |
| In Re: Mirabilis Ventures, Inc. | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04327-KSJ |
| In Re: Hoth Holdings, LLC | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04328-KSJ |
| In Re: AEM, Inc. | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04681 |
| In Re: North American Communications | U. S. Bankruptcy Court, D. Utah | 2:07-bk-24900 |

F:\CM\ECF\SCANNED PDF DOCUMENTS\JUDICIAL ASSISTANTS\JUDGE JENNEMANN'S JA\MIRABILIS-08-BK-4327-KSJ-ORDER_APPROVING_COMPROMISE_OF_CONTROVERSY-1PVASYP2W1.DOC

8

# EXHIBIT IDENTIFICATION COVER SHEET

Debtor Exhibit No. __D__

Debtor _____ Mirabilis Ventures, Inc.

Case No. _____ 6:08-bk-04327-KSJ

Plaintiff(s)

_____

Defendant(s)

_____

Adv. Proc. No. _____

Filed for Identification _____ 5/19/10

Admitted in Evidence _____ 5/19/10

Date _____ 5/19/10

Nature of Proceeding ___ Evidentiary Hearing on Debtor's
Motion to Confirm Property of the Estate Under the Court
Approved Compromise with the United States of America
(DE# 526)

United States Bankruptcy Court
for the Middle District of Florida

By _____,
      Clerk

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                              **Case No. 6:08-cr-176-Orl-28GJK**
                                            **(Forfeiture)**

FRANK L. AMODEO

### PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE comes before the Court upon the filing of the Motion of the United States of America for Issuance of a Preliminary Order of Forfeiture, which, upon entry, shall be a final order of forfeiture as to the defendant, Frank L. Amodeo. The Court, being fully advised in the premises, hereby finds as follows:

1.     That defendant, Frank L. Amodeo, has agreed that as a result of the conspiracy to commit wire fraud in, in violations of 18 U.S.C. § 371, and as alleged in Count One of the Indictment to which he pled guilty, the assets described more fully below are subject to forfeiture to the United States.

2.     That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), the United States is entitled to the forfeiture of the following as a result of his actions:

    a.    The real property, including all improvements thereon and appurtenances thereto, located at:

        (1)    1159 Delaney Avenue, Orlando, Florida;

        (2)    3801 Carolina Avenue, Richmond, Virginia;

        (3)    4905 Research Drive, Huntsville, Alabama;

        (4)    102 West Whiting Street, Tampa, Florida; and

> (5)   The proceeds of the sale of 509 Riverfront Parkway, Chattanooga, Tennessee,  currently held in the bankruptcy estate of Winpar Hospitality Chattanooga, LLC, Case No. 07-11908, U.S. Bank. Court, E.D. Tenn.

b.   The following vehicles:

> (1)   2006 Black Harley Davidson Motorcycle, VIN # 1HD1BWB156Y077592;
>
> (2)   2006 Mercedes Benz CLS 500C Coupe, VIN # WDDDJ75X46A032858; and
>
> (3)   2006 BMW 750LI, VIN # WBAHN83536DT30059

c.   Gates Learjet Model 25D, Aircraft Number 4488W;

d.   The following promissory notes:

> (1)   A promissory note in the amount of $3,500,000.00 dated on or about May 7, 2007 between Wellington Capital and Worker's Temporary Staffing, Inc., including payments of $63,000.00 per month; and
>
> (2)   A promissory note in the amount of $5,500,000.00 dated on or about May 27, 2007 between Mirabilis Ventures, Inc. and Conrad D. Eigenmann, Jr., including semi-annual payments of at least $100,000.00.

e.   The following seized funds:

> (1)   $253,487.45 in proceeds seized from the trust account of the law firm of Balch Bingham LLP;
>
> (2)   $101,393.86 in proceeds seized from the trust account of the law firm of Shutts & Bowen;
>
> (3)   $42,419.72 in proceeds seized from the trust account of the law firm of Mateer and Harbert;
>
> (4)   $100,000.00 in proceeds seized from the trust account of the law firm of Maher, Guily, Maher PA;

2

(5)   $105,922.96 in proceeds seized from the trust account of the law firm of Martin, Pringle, Oliver, Wallace, & Baur LLP;

(6)   $50,000.00 in proceeds seized from the trust account of the law firm of Bieser, Greer & Landis LLP;

(7)   $8,518.30 in proceeds seized from the trust account of the law firm of Allen, Dyer, Doppelt, Milbrath & Gilchrist PA;

(8)   $25,000.00 in proceeds seized from the trust account of the law firm of Valenti, Hanley & Robinson PLLC;

(9)   $10,000.00 in proceeds seized from the trust account of the law firm of Brown, Stone, & Nimeroff LLC;

(10)   $21,900.00 in proceeds seized from the trust account of the law firm of Hunt Rudd PA;

(11)   $41,029.54 in proceeds seized from the trust account of the law firm of Ford & Harrison PA;

(12)   $12,528.51 in proceeds seized from the trust account of the law firm of Broad & Cassel;

(13)   $20,754.19 in proceeds seized from the trust account of the law firm of Latham, Shuker, Barker, Eden, & Beaudine LLC; and

(14)   $13,100.99 in proceeds seized from Fifth Third Bank Account No. 7440599020 in the name of Soone Business Development.

f.   The assets of the following corporations, including but not limited to the below listed lawsuits and/or settlements:

Corporations:

AEM, Inc., d/b/a Mirabilis HR,
AQMI Strategy Corporation,
Hoth Holdings, LLC,
Mirabilis Ventures, Inc.,
Nexia Strategy Corporation,
Presidion Solutions, Inc.,
Professional Benefit Solutions, Inc.,
   d/b/a Presidion Solutions VII, Inc.
Quantum Delta Enterprises, Inc.,
   d/b/a Siren Resources, Inc.,

3

Titanium Technologies, Inc.,
f/k/a Titanium Consulting Services, Inc.,
Tenshi Leasing, Inc.
Wellington Capital Group, Inc.

Lawsuits:

| Style of case | Location | Case No. |
|---|---|---|
| Mirabilis Ventures, Inc. v. Jeffrey Reichel | Broward County, Florida | CACE 07011827 |
| Mirabilis Ventures, Inc, and Nexia Strategy Corp. v. Palaxar Group, LLC, et al. | Orange County, Florida | 07-co-13191 (37) |
| Mirabilis Ventures, Inc. v. Forge Capital Partners, LLC, et al. | Orange County, Florida | 07-CA-13828 (33) |
| Mirabilis Ventures, Inc. v. J.C. Services, Inc., et al. | U.S.D.C., M.D. Fl. | 6:06-cv-1957-Orl-22KRS |
| AEM, Inc. d/b/a Mirabilis HR v. Sheryl Okken, Progressive Employer Services, LLC, et al. | Brevard County, Florida | 05-2007-CA-006526 |
| RKT Constructors, Inc. v. Del Kelley and Robi Roberts | Orange County, Florida | 2007-CA-012599-0 |
| Mirabilis Ventures, Inc. v. Stratis Authority, Inc., et al. | Orange County, Florida | 07-ca-13826 (37) |
| Mirabilis Ventures, Inc. v. Premier Servicing, LLC and Robert Konicki | Orange County, Florida | 07-ca-33197 (34) |
| Mirabilis Ventures, Inc. v. Robert Lowder, et al. | Orange County, Florida | 2006-CA-005742-0 |
| Kenneth Hendricks, et al. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | U.S.D.C., M.D.Fl. | 8:07-cv-661-T17EAJ |

| Style of case | Location | Case No. |
|---|---|---|
| Kenneth Hendricks, et al. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | Hillsborough County, Florida | DC-07-014201J |
| Berman, Kean & Riguera, P.A. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | Broward County, Florida | 07-024968 (21) |
| Anthony T. Sullivan v. AQMI Strategy (Counterclaim) | Orange County, Florida | 07-CA-0015981-0 |
| Paysource, Inc. And Robert Sacco v. Mirabilis Ventures, Amodeo, et al. (Counterclaim) | U.S.D.C., S.D. Ohio | 3:07cv0129 |
| Prime Acquisition Group, LLC v. Ionic Services, Inc., et al. (Counterclaim) | Palm Beach County, Florida | 502007CA02242 |
| Michael Mapes, et al. v. Wellington Capital Group, Inc. | U.S.D.C., D. Neb. | 8:07cv77 |
| Briarcliff Village, LLC v. Mirabilis Ventures, Inc. | Clay County, Missouri | 07CY-CV09414 |
| William Gregory v. Floyd Road v. Mirabilis Ventures, Inc. (Counterclaim) | Hillsborough County, Florida | 07-CA-010780 |
| Coastal Equity Partners, LLC v. Pacific Atlantic Capital Corp., et al. (Counterclaim) | Henrico County, Virginia | CL07-1960 |
| Liberty Property Limited Partnership v. Mirabilis Ventures, Inc., et al. (Counterclaim, settled) | Duval County, Florida | 162007CA003642 |
| Tranmere Rovers Football Club v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Liverpool, England | 7LV30022 |

| Style of case | Location | Case No. |
|---|---|---|
| Mark Lang v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Orange County, Florida | 48-2007-CA-002929-0 |
| David Chaviers, Norman Chaviers, Kellie Ledbetter and Tom Hancock v. Mirabilis Ventures, Inc. And Frank Amodeo, et al. (Counterclaim, settled) | U.S.D.C., N.D. Ala. | CV-07-0442-cls |
| Carlton Fields v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Hillsborough County, Florida | 07-CC-038145 |
| Brevard County v. RKT Constructors, Inc. (Counterclaim, settled) | Brevard County, Florida | 05-2007-CA-12251 |
| Bellsouth v. RKT Constructors, Inc., et al. (Counterclaim, settled) | Orange County, Florida | 05-2007-CA-9660-0 |
| Dutko Global Advisors LLC v. AQMI Strategy Corporation (Counterclaim, settled) | Orange County, Florida | 48-2007-CA-018164-0 |
| Capital Office Products of Volusia County, Inc., v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Volusia County, Florida | 2007-34950 COCI |
| CDW Corporation, Inc. v. Information Systems, Inc. (Counterclaim, settled) | Cook County, Illinois | 2007-L-002446 |
| RKT Constructors, Inc. v. Florida Department of Transportation (Settled) | Broward County, Florida | 05-2003-CA-047397 |
| RKT Constructors, Inc. v. Florida Department of Transportation (Settled) | Broward County, Florida | 05-2006-CA-060518 |

6

| Style of case | Location | Case No. |
|---|---|---|
| Providence Property & Casualty Insurance Co, et al. v. Paradyme, Inc., d/b/a Presidion Solutions VI (settled) | U.S.D.C., E.D. Tx. | 4:07-CV-202 |
| Presidion Corporation v. Arrow Creek, Inc., et al. | Palm Beach County, Florida | 502006CA001417xxxxMB |

      g.    Any and all property of the following bankruptcy estates, including funds which now constitute or have constituted funds of the estate:

| Style of case | Location | Case No. |
|---|---|---|
| In Re: Winpar Hospitality Chattanooga, LLC. | U. S. Bankruptcy Court, E.D. Tenn. | 07-11908 |
| Sam Hopkins, Trustee v. Todd Pattison and Mirabilis Ventures, Inc. | U. S. Bankruptcy Court, D. Idaho | 08-08005-JDP |
| In Re: Mirabilis Ventures, Inc. | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04327-KSJ |
| In Re: Hoth Holdings, LLC | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04328-KSJ |
| In Re: AEM, Inc. | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04681 |
| In Re: North American Communications | U. S. Bankruptcy Court, D. Utah | 2:07-bk-24900 |

Being fully advised in the premises, the Court finds:

WHEREAS, by virtue of the plea agreement, the United States is now entitled to possession of the above-listed assets pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure;

It is hereby ORDERED, ADJUDGED and DECREED:

1.      That all right, title and interest of defendant, Frank L. Amodeo, in the above-listed assets is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      That, following the entry of an order of forfeiture, the United States is authorized to seize the specific property subject to forfeiture.  The United States also shall publish notice of the order and of its intent to dispose of the forfeited asset in such a manner as the Secretary of the Treasury may direct.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the above-described assets, that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3.      That any person, other than Frank L. Amodeo, who has or claims any right, title or interest in the above-described assets must file a petition with this Court for a hearing to adjudicate the validity of his alleged interest in the forfeited asset.  The petition should be mailed to the Clerk of the United States District Court, Orlando Division, 401 W. Central Blvd., Suite 1200, Orlando, Florida 32801-0120, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4.      The petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited asset, the time and circumstances of the petitioner's acquisition of the right,

8

title or interest in the forfeited asset, and any additional facts surrounding the

petitioner's claim and the relief sought.

     5.     After receipt of the petition by the Court, the Court will set a hearing to

determine the validity of the petitioner's alleged interest in the forfeited asset.

     6.     That upon adjudication of all third-party interests in the above-described

assets, this Court will enter a Final Judgment of Forfeiture pursuant to 18 U.S.C. §

981(a)(1)(C) and 28 U.S.C. § 2461(c), in which all interests will be addressed.

     DONE and ORDERED this 2 day of October, 2008, in Orlando, Florida.

UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

v.                                    **Case No. 6:08-cr-176-Orl-28GJK**
                                          **(Forfeiture)**

**FRANK L. AMODEO**

## FINAL ORDER OF FORFEITURE AS TO CERTAIN ASSETS

THIS CAUSE comes before the Court upon the filing of the Motion by the

United States for a Final Order of Forfeiture as to Certain Assets for the following

properties:

a.   The real property, including all improvements thereon and
     appurtenances thereto, located at:

     4905 Research Drive, Huntsville, Alabama;

b.   The following vehicles:

     (1)   2006 Black Harley Davidson Motorcycle,
           VIN # 1HD1BWB156Y077592;

     (2)   2006 Mercedes Benz CLS 500C Coupe,
           VIN # WDDDJ75X46A032858; and

     (3)   2006 BMW 750LI, VIN # WBAHN83536DT30059;

c.   Gates Learjet Model 25D, Aircraft Number 4488W;

d.   The following promissory note:

     (1)   A promissory note in the amount of $3,500,000.00 dated on
           or about May 7, 2007 between Wellington Capital and
           Worker's Temporary Staffing, Inc., including payments of
           $63,000.00 per month; and

e.   The following seized funds:

(1)   $253,487.45 in proceeds seized from the trust account of
      the law firm of Balch Bingham LLP;

(2)   $101,393.86 in proceeds seized from the trust account of
      the law firm of Shutts & Bowen;

(3)   $42,419.72 in proceeds seized from the trust account of the
      law firm of Mateer and Harbert;

(4)   $100,000.00 in proceeds seized from the trust account of
      the law firm of Maher, Guily, Maher PA;

(5)   $105,922.96 in proceeds seized from the trust account of
      the law firm of Martin, Pringle, Oliver, Wallace, & Baur LLP;

(6)   $50,000.00 in proceeds seized from the trust account of the
      law firm of Bieser, Greer & Landis LLP;

(7)   $8,518.30 in proceeds seized from the trust account of the
      law firm of Allen, Dyer, Doppelt, Milbrath & Gilchrist PA;

(8)   $25,000.00 in proceeds seized from the trust account of the
      law firm of Valenti, Hanley & Robinson PLLC;

(9)   $10,000.00 in proceeds seized from the trust account of the
      law firm of Brown, Stone, & Nimeroff LLC;

(10)  $21,900.00 in proceeds seized from the trust account of the
      law firm of Hunt Rudd PA;

(11)  $41,029.54 in proceeds seized from the trust account of the
      law firm of Ford & Harrison PA;

(12)  $12,528.51 in proceeds seized from the trust account of the
      law firm of Broad & Cassel;

(13)  $20,754.19 in proceeds seized from the trust account of the
      law firm of Latham, Shuker, Barker, Eden, & Beaudine LLC;
      and

(14)  $37,629.16 in proceeds seized from the trust account of the
      law firm of Charles W. McBurney, Jr.

2

Being fully advised in the premises, the Court finds that on October 2 and 14, 2008, the Court entered Preliminary Orders of Forfeiture, (Docs. 46 and 49), forfeiting to the United States of America all right, title, and interest of defendant Frank L. Amodeo in the above-referenced properties.

The Court further finds that the only persons or entities, other than defendant Frank L. Amodeo or his corporations, AQMI Strategy Corporation, Presidion Solutions, Inc. and Professional Benefit Solutions, Inc., known to have an alleged interest in the properties are the law firms from which funds were seized; the corporations previously controlled by Amodeo, including Mirabilis Ventures, Inc. ("Mirabilis") and AEM, Inc. ("AEM"); and Lynda Hall, Madison County Alabama Tax Collector, which is owed taxes on the Research Drive property.

The Court further finds that the law firms were sent notice, however, to date, they have not filed a claim. In addition, the Court finds that Mirabilis and AEM have consented to the forfeiture of the subject assets, as is reflected in the bankruptcy court order issued in each company's bankruptcy case, *In re: Mirabilis Ventures, Inc.*, Case No. 6:08-bk-04327-KSJ, and *In re: AEM, Inc.*, Case No. 6:08-bk-04681-KSJ, and that the United States has recognized the Madison County Tax Collector's claim and will satisfy it, to the extent possible, from the proceeds of the sale of the real property.

In accordance with the provisions of 21 U.S.C. § 853(n), the United States published notice of the forfeiture of the $37,629.16 in proceeds seized from the trust account of the law firm of Charles W. McBurney, Jr., and of its

3

intent to dispose of the subject property, on the official government website, www.forfeiture.gov, from November 3, 2008 to December 2, 2008. (Doc. No. 64). The publication gave notice to all third parties with a legal interest in the subject property to file with the Clerk of the Court, 401 W. Central Blvd., Suite 1200, Orlando, FL 32801-0120. To date, no other persons or entities have filed a petition to adjudicate their interest in the subject property and the time for filing such petition has expired.

That pursuant to this Court's Order issued on March 18, 2009, the United States was Excused from Duplicative Publication Requirement because publication of the forfeiture of the assets identified in the Preliminary Order of Forfeiture was completed in connection with the parallel civil forfeiture, *United States v. Real Property located at 614 Lake Avenue, et al.*, Case No. 6:08-cv-670-Orl-22KRS. (Doc. 65). The notice of forfeiture of these assets was published on an official government website (www.forfeiture.gov) for at lease 30 consecutive days, beginning on September 26, 2008 and ending on October 25, 2008. To date, no other persons or entities have filed a petition to adjudicate their interest in the subject properties and the time for filing such petition has expired. Accordingly, it hereby

ORDERED, ADJUDGED, and DECREED that for good cause show, the United States' motion is GRANTED.

It is FURTHER ORDERED that all right, title, and interest in the referenced properties is CONDEMNED and FORFEITED to the United States of

4

America for disposition according to law, pursuant to 18 U.S.C. § 981(a)(1)(C),

28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(c)(2).

It is FURTHER ORDERED that upon entry of this Final Order of

Forfeiture, the United States shall satisfy the Madison County Tax Collector's

claim, to the extent possible, from the proceeds of the sale of the real property.

It is FURTHER ORDERED that clear title to the properties is now vested

in the United States of America.

DONE and ORDERD this _14_ day of April, 2009, in Orlando, Florida.

UNITED STATES DISTRICT JUDGE

# EXHIBIT IDENTIFICATION COVER SHEET

Debtor Exhibit No. __E__

Debtor _____ Mirabilis Ventures, Inc.

Case No. _____ 6:08-bk-04327-KSJ

Plaintiff(s)

_____

Defendant(s)

_____

Adv. Proc. No. _____

Filed for Identification _____ 5/19/10

Admitted in Evidence _____ 5/19/10

Date _____ 5/19/10

Nature of Proceeding _____ Evidentiary Hearing on Debtor's
Motion to Confirm Property of the Estate Under the Court
Approved Compromise with the United States of America
(DE# 526)


United States Bankruptcy Court
for the Middle District of Florida

By _____,

Clerk

# MIRABILIS VENTURES, INC. SUBSIDIARIES
## ASSETS INCLUDED IN BANKRUPTCIES

| DESCRIPTION | USDOJ | BANKRUPTCY |
|---|---|---|
| 614 Lake Avenue, Orlando, FL | Unknown | |
| 709 Euclid Avenue, Orlando, FL | Unknown | |
| 1159 Delaney Avenue, Orlando, FL | Unknown | |
| 4905 Research Drive, Huntsville, AL | Unknown | |
| 102 West Whiting Street, Tampa, FL | Unknown | |
| 2006 Black Harley Davidson Motorcycle | Unknown | |
| 2006 Mercedes Benz CLS 500C Coupe | Unknown | |
| 2006 BMW 750LI | Unknown | |
| Gates Learjet Model 25D | Unknown | |
| Funds seized from various law firms | 806,056 | |
| Assets of AEM, Inc. | | Unknown |
| Assets of AQMI Strategy Corporation | Unknown | |
| Assets of Hoth Holding, LLC | | Unknown |
| Assets of Mirabilis Ventures, Inc. | | Unknown |
| Assets of Nexia Strategy Corporation | Unknown | |
| Assets of Presidion Solutions, Inc. | Unknown | |
| Assets of Professional Benefit Solutions, Inc. | Unknown | |
| Assets of Quantum Delta Enterprises, Inc. | Unknown | |
| Assets of Titanium Technologies, Inc. | Unknown | |
| Assets of Tenshi Leasing, Inc. | Unknown | |
| Assets of Tenshi Leasing, Inc. | Unknown | |
| Assets of Welling Capital Group, Inc. | Unknown | |
| Litigation by Mirabilis Ventures, Inc. & its subs | Unknown | Unknown |
| IT hardware & software at 4802 SW 35th St | Unknown | Subject to USDOJ subpoena |
| Corporate records at 1604 Premier Rd | Unknown | Subject to USDOJ subpoena |

WinPAR
N/R

# MIRABILIS VENTURES, INC. SUBSIDIARIES
## ASSETS INCLUDED IN BANKRUPTCIES

| DESCRIPTION | USDOJ | BANKRUPTCY |
|---|---|---|
| 614 Lake Avenue, Orlando, FL | Unknown | |
| 709 Euclid Avenue, Orlando, FL | Unknown | |
| 1159 Delaney Avenue, Orlando, FL | Unknown | |
| | | Proceeds from |
| 3801 Carolina Avenue, Richmond, VA | Unknown | fraudulent transfer suit |
| 4905 Research Drive, Huntsville, AL | Unknown | |
| 102 West Whiting Street, Tampa, FL | Unknown | |
| Proceeds of sale of 509 Riverfront Parkway, | | |
| Chatanooga, TN | Cash distribution less | |
| 2006 Black Harley Davidson Motorcycle | Forge's claim | Forge's claim |
| 2006 Mercedes Benz CLS 500C Coupe | Unknown | |
| 2006 BMW 750Li | Unknown | |
| Gates Learjet Model 25D | Unknown | |
| Promissory note from Worker's Temporary | | |
| Staffing, Inc. to Wellington Capital, Inc. | $ 3,500,000 | $ 4,932,304 |
| Promissory note from Conrad D. Elgenmann, Jr. | | |
| to Mirabilis Ventures, Inc. | | |
| Funds seized from various law firms | | |
| Assets of AEM, Inc. | $ 808,056 | Unknown |
| Assets of AQMI Strategy Corporation | Unknown | |
| Assets of Hoth Holding, LLC | | |
| Assets of Mirabilis Ventures, Inc. | | Unknown |
| Assets of Nexia Strategy Corporation | | Unknown |
| Assets of Presidion Solutions, Inc. | Unknown | |
| Assets of Professional Benefit Solutions, Inc. | Unknown | |
| Assets of Quantum Delta Enterprises, Inc. | Unknown | |
| Assets of Titanium Technologies, Inc. | Unknown | |
| Assets of Tenshi Leasing, Inc. | Unknown | |
| Assets of Tenshi Leasing, Inc. | Unknown | |
| Assets of Welling Capital Group, Inc. | Unknown | |
| Litigation by Mirabilis Ventures, Inc. & its subs | Unknown | Unknown |
| IT hardware & software at 4602 SW 35th St | Unknown | Subject to USDOJ subpoena |
| Corporate records at 1604 Premier Rd | Unknown | Subject to USDOJ subpoena |

# EXHIBIT IDENTIFICATION COVER SHEET

Debtor Exhibit No. __F__

Debtor _____ Mirabilis Ventures, Inc.

Case No. _____ 6:08-bk-04327-KSJ

Plaintiff(s)
_____

Defendant(s)
_____

Adv. Proc. No. _____

Filed for Identification _____ 5/19/10

Admitted in Evidence _____ 5/19/10

Date _____ 5/19/10

Nature of Proceeding ___ Evidentiary Hearing on Debtor's
Motion to Confirm Property of the Estate Under the Court
Approved Compromise with the United States of America
(DE# 526)

United States Bankruptcy Court
for the Middle District of Florida

By _____,
    Clerk

Atthill 10/8/08
1 of 2

Anita Crane
Randy Gold
Steve McKabe
Rick Smith
Elizabeth Green
Lee Barrett

Endictment of corporations in next week or two
This would blow the D & O coverage

Recieved $60+ in assets

How do we structure IRS as not a
Claimant

Structure:
   How much recovery

   Control over fees

Put this deal on paper

Richmond
Chattanooga

2 of 2

They got McBurney's retainer

Funding of warehouses?

More ~~warehouses~~ leases to agree with
hearing morning to 12/4/08
Joint motion to move to 12/4/08
Green to prepare

# EXHIBIT IDENTIFICATION COVER SHEET

Debtor Exhibit No. __G__

Debtor _____ Mirabilis Ventures, Inc.

Case No. _____ 6:08-bk-04327-KSJ

Plaintiff(s)

_____

Defendant(s)

_____

Adv. Proc. No. _____

Filed for Identification _____ 5/19/10

Admitted in Evidence _____ 5/19/10

Date _____ 5/19/10

Nature of Proceeding ___ Evidentiary Hearing on Debtor's
Motion to Confirm Property of the Estate Under the Court
Approved Compromise with the United States of America
(DE# 526)

United States Bankruptcy Court
for the Middle District of Florida

By _____,
    Clerk

Randy Gold
Anita Crane
Steve McNeil
Rick Smith
Jim Green
Jennifer Eden
Lee Barrett
Rob Briscti

Moth fraud trans cost $75K

Winpar - gov't gets cash and fraud trans
     against Atlantic

Eingenman note - gov't will keep but I can
     negotiate a discount or a sale

Consolidation of warehouses - use next Eingenmann
     note for funding

Discussed malpractice cases
     Blended rate

Claims Objections
     Franks Claims - gov't can get withdrawn

Gov't - compromise on controversy will
     include the gov't amount for
MVI endightment

No fraud transfers against defense attys
     for Amodeo

Is it OK to sue Maker?

2 of 2

Gov't will indight some of officers & directors of MVI

Gov't won't take a nolo contendo plea from MVI

MVI indightment – plea? counsel?

Liz to file turnover motion for Maher's files

**ROBERT S. GRISCTI**
ATTORNEY AND COUNSELLOR AT LAW

LAW FIRM OF ROBERT S. GRISCTI, P.A.
SUITE 6, 204 WEST UNIVERSITY AVENUE
POST OFFICE BOX 508 GAINESVILLE, FLORIDA 32602
(352) 375-4460  rgriscti@earthlink.net  FAX (352) 377-9573

# EXHIBIT IDENTIFICATION COVER SHEET

Debtor Exhibit No. __H__

Debtor _____ Mirabilis Ventures, Inc.

Case No. _____ 6:08-bk-04327-KSJ

Plaintiff(s)

_____

Defendant(s)

_____

Adv. Proc. No. _____

Filed for Identification _____ 5/19/10

Admitted in Evidence _____ 5/19/10

Date _____ 5/19/10

Nature of Proceeding __ Evidentiary Hearing on Debtor's
Motion to Confirm Property of the Estate Under the Court
Approved Compromise with the United States of America
(DE# 526)

United States Bankruptcy Court
for the Middle District of Florida

By _____,
        Clerk

B6B (Official Form 6B) (12/07)

In re   **Mirabilis Ventures, Inc.**                                                          Case No.   **6:08-bk-04327-KSJ**

                                                     Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Fifth Third Bank Account Acct. No. 7440497324** | - | 296.80 |
| | | | **Suntrust Bank Orlando, FL 4 certificates of deposit** | - | 100,000.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

|  | Sub-Total > | 100,296.80 |
|---|---|---|
|  | (Total of this page) | |

  __4__   continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                   Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **Mirabilis Ventures, Inc.**                                    Case No.   **6:08-bk-04327-KSJ**
_____
                         Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **See Attached Composite Exhibit B13 & 14 (preliminary)** | - | **Unknown** |
| 14. Interests in partnerships or joint ventures. Itemize. | | **See Attached Composite Exhibit B-13 & 14 (preliminary)** | - | **Unknown** |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **Premier Servicing LLC Note (purchase of Cadent Underwriters, Inc.) dated 05/01/2006 (in default/suit pending)** | - | **570,000.00** |
| | | **Stock Purchase Agreement Peter Anderson (purchase of Creative Insurance Concepts, Inc.)** | - | **100.00** |
| | | **Membership Interest Purchase Agreement Ravi World Land Trust (re Lake Suites Hotel) dated 12/27/2007** | - | **585,000.00** |
| | | **Agreement for Purchase and Sale of Common Stock Conrad D. Eigenmann Jr (purchase of Florida Industrial Electric, Inc.)** | - | **5,185,000.00** |

|  |  |
|---|---|
| Sub-Total > (Total of this page) | 6,340,100.00 |

Sheet __1__ of __4__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re  **Mirabilis Ventures, Inc.**                                          Case No.  **6:08-bk-04327-KSJ**
                                          Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Stock Purchase Agreement Creative Risk Mgmt of Alabama dated 06/04/2007** | - | **1,047,000.00** |
| | | **See attached Exhibit B-18** | - | **15,029,084.00** |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Internal Revenue Service - Tax Refund** | - | **1,200,000.00** |
| | | **Claims against D&O coverage** | - | **Unknown** |
| | | **Claims against various professionals** | - | **Unknown** |
| | | **Claim against Palaxar Group, LLC, et al.** | - | **Unknown** |
| | | **Claim against JC Services, et al (JC Services, et al, in bankruptcy in Texas)** | - | **Unknown** |
| | | **Claim against North American Communication (NACI has pending bankruptcy)** | - | **Unknown** |
| | | **Claim against Jeffrey Reichel (suit pending)** | - | **Unknown** |
| | | **Claim against Robert Lowder, et al (suit pending)** | - | **Unknown** |
| | | **Claim against Forge Capital Partners, LLC, et al (suit pending)** | - | **Unknown** |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

Sub-Total >   **17,276,084.00**
(Total of this page)

Sheet __2__ of __4__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re  **Mirabilis Ventures, Inc.**                                    Case No.   6:08-bk-04327-KSJ
_____
Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | IT equipment and software LM Liquidators 4602 - 35th St SW #100 & 200 Orlando, FL  32811 | - | 12,000.00 |
| | | Miscellaneous FFE of MVI and subsidiaries LM Liquidators 4602 - 35th St SW #100 & 200 Orlando, FL  32811 | - | Unknown |
| | | Books and Records of MVI and subsidiaries LM Liquidators 1604 Premier Row Orlando, FL | - | Unknown |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | WinPar Hospitality Chattanooga - equity claim (bankruptcy pending) | - | 2,000,000.00 |

Sub-Total >     2,012,000.00
(Total of this page)

Sheet   3   of   4   continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                           Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re **Mirabilis Ventures, Inc.**                         Case No. **6:08-bk-04327-KSJ**
_____
                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **North American Communications Inc - equity claim (bankruptcy pending)** | - | Unknown |
| | | **Hoth Holdings, LLC - equity claim (bankruptcy pending)** | - | 1,420,000.00 |

|  |  |
|---|---|
| Sub-Total > (Total of this page) | 1,420,000.00 |
| Total > | 27,148,480.80 |

(Report also on Summary of Schedules)

Sheet __4__ of __4__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                         Best Case Bankruptcy

EXHIBIT B-13 & 14

| Status | MVI Owned Entities | % |
|--------|-------------------|---|
| Active | 2Wheel Tunes, Inc. | 100.00% |
| S/D | A Very Private Eye, Inc. | 25.00% |
| S/D | ABS IV, Inc. | 100.00% |
| | Absolute Packaging Engineered Solutions, LLC | 100.00% |
| Ch 11 | AEM, Inc. d/b/a Mirabilis HR | 100.00% |
| S/D | Alliance Compensation & Benefits Group, Inc. | 100.00% |
| S/D | Alliance Group, Inc. | 100.00% |
| S/D | Alliance Worldwide, Inc. | 100.00% |
| S/D | Allstaff Management, Inc. | 100.00% |
| S/D | Allstaff Personnel Management, Inc. | 100.00% |
| S/D | Analytic Data Systems, Inc. | 100.00% |
| Active | Auke Hempenius Enterprises, Inc. | 100.00% |
| S/D | Axena International, LLC | 25.00% |
| S/D | Axena Solutions, LLC | 25.00% |
| S/D | Axena USA, LLC | 25.00% |
| Active | Axena, Inc. | 25.00% |
| S/D | BenComp National Corporation | 100.00% |
| Active | Bison Mortgage Corp. | 42.00% |
| S/D | Cadent Administrators, Inc. | 100.00% |
| S/D | Cadent Underwriters, Inc. | 100.00% |
| S/D | Centerpoint CS, LLC | 25.00% |
| S/D | Centro Executive Offices Corporation | 100.00% |
| S/D | CHS of America, Inc. | 100.00% |
| S/D | Coastal Equity Partners, LLC | 50.00% |
| Active | Common Paymaster Corporation | 100.00% |
| S/D | Common Paymaster Corporation II | 100.00% |
| Active | Common Paymaster II | 100.00% |
| S/D | Common Paymaster III | 100.00% |
| S/D | Community Health Solutions of America, LLC | 100.00% |
| S/D | Creative Insurance Concepts, Inc. | 100.00% |
| S/D | Desert Valley Aviation, Inc. | 100.00% |
| S/D | Diamond Jaxx Properties, LLC *Name change from Mirabilis Baseball, LLC | 100.00% |
| Active | DigitEyes Corporation | 100.00% |
| S/D | DVD Marketing Group, Inc. d/b/a Duran Media Group | 100.00% |
| S/D | EaglePoint Partnership, Inc. | 100.00% |
| S/D | EarthSource Corporation | 100.00% |
| S/D | Earthsource Holdings, LLC | 100.00% |
| | Empire Global Strategies, Inc. | 100.00% |
| S/D | FLHP-MS, LLP | 70.00% |
| S/D | Florida Industrial Electric, Inc. | 100.00% |
| Merged | Fox Technology Series E *Merged with Axena, Inc. and Axena UK Ltd. | |

| | | |
|---|---|---|
| | Gibraltar Integrity Corporation | 100.00% |
| | Global Brokers Franchising, LLC d/b/a EmQuest Business | |
| S/D | Brokers | 100.00% |
| S/D | Global Vision Group Holdings, LLC | 84.20% |
| Active | Hoth Holdings, LLC | 90.00% |
| S/D | HR Remedies, Inc. | 100.00% |
| S/D | Information Systems, Inc. | 100.00% |
| S/D | InLine Technology Marketing, Inc. | 100.00% |
| S/D | Insurance Indemnity Investment, Inc. | 100.00% |
| S/D | Investment Title Services, Inc. | 100.00% |
| Active | Ionic Services, Inc. | 80.00% |
| S/D | Ithor Capital, LLC | 90.00% |
| | It's Your Move, Inc. | 100.00% |
| S/D | Kevin Munroe Consulting, LLC | 100.00% |
| S/D | Lake Suite Hotel, Inc. | 100.00% |
| S/D | Legend Holdings of America, Inc. | 100.00% |
| S/D | LTSS, Inc. | 100.00% |
| S/D | Mirabilis Nexia Global LTD. | 100.00% |
| S/D | National Med-Staff, Inc. d/b/a Premier HR Services | 100.00% |
| | Neighborly Services, Inc. d/b/a Professional Personnel | |
| S/D | Management | 100.00% |
| S/D | New Florida Industrial Electric, Inc. | 75.00% |
| Active | Nexia Strategy Corporation | 100.00% |
| S/D | Nexia Strategy Japan, LTD. | 100.00% |
| | Nexia Strategy LTD. (UK) | 100.00% |
| Ch 7 | North American Communications, Inc. | 100.00% |
| S/D | Old Southern Bank Certificate | 0.30% |
| S/D | P.R.B. Design Studio, Inc. | 100.00% |
| Active | Pacific Atlantic Capital Corp. | 100.00% |
| S/D | Pacific Atlantic STF Corp. | 100.00% |
| S/D | Paradyme National Insurance Brokers, Inc. | 100.00% |
| Active | Payroll Concepts, Inc. | 100.00% |
| S/D | PowerCentric, Inc. | 100.00% |
| S/D | Provima, Inc. | 75.00% |
| S/D | Quasar Construction, Inc. | 100.00% |
| Active | RF Scientific, Inc. | 98.00% |
| | RiskERA Software Corporation *Name change from | |
| S/D | Cerulean Graphics, Inc. | 100.00% |
| Active | RKT Constructors, Inc. | 80.00% |
| | | |
| Active | Secure Solutions, LLC | 1.00% |
| Active | Security Imaging Systems, Inc. | 100.00% |
| S/D | SIPS Team USA, Inc. | 100.00% |
| S/D | Siren Resources, Inc. | 100.00% |
| S/D | Solutions Funding, Inc. | 42.00% |
| S/D | Statim Satellite, Inc. | 100.00% |
| S/D | Synergy Technology Fabrication LLC | 100.00% |

| | | |
|---|---|---|
| S/D | Tactical Intelligence Investigations, LLC | 49.00% |
| S/D | Teknovation Corporation | 84.20% |
| S/D | Tellus Motor Company | 100.00% |
| S/D | Terra Structures, Inc. | 100.00% |
| S/D | The Hancock Group, Inc. d/b/a Distinct HR; Employer Resources; Logical HR | 100.00% |
| S/D | The Human Resources Enterprises Corporation | 100.00% |
| S/D | The Leib Group | 100.00% |
| S/D | The Provider Management Group, Inc. | 25.00% |
| | Theory3 d/b/a Tireflys | 40.00% |
| S/D | UNEX Corporation | 100.00% |
| S/D | Universal Analytics, Inc. | 100.00% |
| S/D | Venture Resources, Inc. | 100.00% |
| S/D | Wimco Global, Inc. | 100.00% |
| Ch 7 | WinPar Hospitality Chattanooga, LLC | 100.00% |
| Active | World Wrestling Legends LLC | 80.00% |

NOTE:  S/D = Sold or Dissolved

Page 3 of 3

# EXHIBIT IDENTIFICATION COVER SHEET

Debtor Exhibit No. __I__

Debtor _____ Mirabilis Ventures, Inc. _____

Case No. _____ 6:08-bk-04327-KSJ _____

Plaintiff(s)

_____

Defendant(s)

_____

Adv. Proc. No. _____

Filed for Identification _____ 5/19/10 ____

Admitted in Evidence _____ 5/19/10 ____

Date _____ 5/19/10 ____

Nature of Proceeding ___ Evidentiary Hearing on Debtor's
Motion to Confirm Property of the Estate Under the Court
Approved Compromise with the United States of America
(DE# 526)

United States Bankruptcy Court
for the Middle District of Florida

By _____,
　　　　　　Clerk

B7 (Official Form 7) (12/07)

# United States Bankruptcy Court
## Middle District of Florida

In re  **Mirabilis Ventures, Inc.**

                               Debtor(s)

Case No.  **6:08-bk-04327-KSJ**

Chapter  **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None  ■  State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

       AMOUNT            SOURCE

**2. Income other than from employment or operation of business**

None  ☐  State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$11,908.25** | **Liquidation of business** |
| | **01/01/2008 - 06/18/2008** |

2

| AMOUNT | SOURCE |
|---|---|
| **$1,673,828.60** | **Liquidation of business**<br>**01/01/2007 - 12/31/2007** |

**3. Payments to creditors**

None    *Complete a. or b., as appropriate, and c.*

■

    a.   *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF CREDITOR | DATES OF<br>PAYMENTS | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|

None   b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days**

☐     immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF<br>PAYMENTS/<br>TRANSFERS | AMOUNT<br>PAID OR<br>VALUE OF<br>TRANSFERS | AMOUNT STILL<br>OWING |
|---|---|---|---|
| **See Attached Exhibit** | | **$0.00** | **$0.00** |

None   c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of

☐     creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND<br>RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|
| **See Attached Exhibit** | | **$0.00** | **$0.00** |

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of

☐     this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT<br>AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY<br>AND LOCATION | STATUS OR<br>DISPOSITION |
|---|---|---|---|
| **See Attached SoFA Exhibit**<br>**4a** | | | |

None   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately

■     preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE<br>BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF<br>PROPERTY |
|---|---|---|

3

**5. Repossessions, foreclosures and returns**

None ■ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6. Assignments and receiverships**

None ■ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ■ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None ■ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8. Losses**

None ■ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

4

### 9. Payments related to debt counseling or bankruptcy

None  □

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Latham, Shuker, Eden & Beaudine, LLP**<br>**390 N. Orange Ave.**<br>**Suite 600**<br>**Orlando, FL 32801** | **05/27/2008**<br>**RKT Constructors (80% owned subsidiary of Debtor)** | **$100,219.50**<br>**Shared advance for post-petition services and expenses in connection with this case and the related cases of its subsidiaries: AEM, Inc; Case No 6:08-bk-4681 and Hoth Holdings, LLC, Case No 6:08-bk-4328.** |
| **Latham, Shuker, Eden & Beaudine, LLP**<br>**390 N. Orange Ave.**<br>**Suite 600**<br>**Orlando, FL 32801** | **05/27/2008**<br>**RKT Constructors (80% owned subsidiary of Debtor)** | **$23,381.50**<br>**Shared prepetition services and expenses in connection with this case and the related cases of its subsidiaries: AEM, Inc; Case No 6:08-bk-4681 and Hoth Holdings, LLC, Case No 6:08-bk-4328.** |

### 10. Other transfers

None  ■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None  ■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None  □

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **Bank of America**<br>**Orlando, FL** | **Checking Acct xxxx3125** | **05/01/2007**<br>**$132,434.04 (transferred to 5/3 Bank account)** |

5

**12. Safe deposit boxes**

None
■ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**

None
■ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**

None
☐ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |
| RW Cuthill, Jr<br>341 N Maitland Avenue<br>Suite 210<br>Maitland, FL 32751 | **Retainer for Post-Petition employment as President**<br>**$50,000** | Latham Shuker Eden & Beaudine, LLC Escrow Account<br>390 N Orange Avenue, Suite 600<br>Orlando, FL 32801 |

**15. Prior address of debtor**

None
☐ If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |
| 111 North Orange Ave., Ste. 2000<br>Orlando, FL 32801 | Mirabilis Ventures, Inc. | 2005-2006 |
| 20 North Orange Ave., Ste. 1400<br>Orlando, FL 32801 | Mirabilis Ventures, Inc. | 2005 |
| 2875 S. Orange Ave., Ste. 500 PMB 2325<br>Orlando, FL 32806 | Mirabilis Ventures, Inc. | Unknown |
| 200 S. Orange Ave., Ste. 2800<br>Orlando, FL 32801 | Mirabilis Ventures, Inc. | 01-06/2007 |
| 3838 Raymert Dr., Ste. 3<br>Las Vegas, NV 89121 | Mirabilis Ventures, Inc.<br>(Reg Agent offices) | 2005-present |
| 1957 Westmoreland St.<br>Richmond, VA 23230-3225 | Mirabilis Ventures, Inc.<br>(VA-based subsidiary - Nexia) | 2006 |

**16. Spouses and Former Spouses**

None ■ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None ☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|---------|--------------------|----------------------------|
| **See Attached** | | **SoFA Exhibit 18** | | |

None ■ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☐ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------------------|-------------------------|
| **Stephen P Bonck, MST** | **-2008** |
| **Paul S Glover, CPA** | **-2007** |
| **Laurie S Holtz, CPA** | |
| **Sharmila Khanorkar, ABV/CIRA** | |
| **Kevin V Leondard, CMA** | |
| **Kevin D Munroe, CPA** | |
| **Daniel L Myers, CPA** | |
| **Fernando A Simo** | |

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Tracy Taylor, CPA | |
| William F Walsh, CPA | |
| Christina R Warf | |
| William Chamberlain | |
| Nikitra Martin | |
| Claudia Amell | |
| Soone Business Development<br>3660 Maguire Blvd, Ste 103<br>Orlando, FL 32803 | -2008 |

None<br>■    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None<br>☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| Soone Business Development, Inc. | 3660 Maguire Blvd., Ste. 103<br>Orlando, FL 32803 |
| LM Liquidators | 1604 Premier Row<br>Orlando, FL |
| LM Liquidators | 4602 - 35th St SW<br>#100-200<br>Orlando, FL |

None<br>■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

**20. Inventories**

None<br>■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

None<br>■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY<br>RECORDS |
|---|---|

**21 . Current Partners, Officers, Directors and Shareholders**

None
■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Michael E Moecker<br>6861 SW 196th Ave<br>Bld 201-204<br>Fort Lauderdale, FL 33332 | Director | 0% |
| RW Cuthill, Jr<br>341 N Maitland Avenue<br>Suite 210<br>Maitland, FL 32751 | President | 0% |

**22 . Former partners, officers, directors and shareholders**

None
■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
☐    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| Fernando Simo | Director | 05/15/2007 |
| Shane Williams<br>150 E Robinson St<br>Unit 1812<br>Orlando, FL 32801 | Director, VP | 05/27/2008 |
| Jay Stollenwerk<br>5009 Pelleport Ave<br>Orlando, FL 32812 | Director/Sec/Treas | 05/27/2008 |
| Jodi Jaiman<br>533 Tuten Trail<br>Orlando, FL 32828 | Pres | 05/27/2008 |

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS<br>OF RECIPIENT,<br>RELATIONSHIP TO DEBTOR | DATE AND PURPOSE<br>OF WITHDRAWAL | AMOUNT OF MONEY<br>OR DESCRIPTION AND<br>VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None

☐

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION
**Mirabilis Ventures, Inc.**

TAXPAYER IDENTIFICATION NUMBER (EIN)
**20-1833196**

**25. Pension Funds.**

None

■

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND

TAXPAYER IDENTIFICATION NUMBER (EIN)

3:55 PM

# Mirabilis Ventures, Inc.
## Disbursements 1/1/07 thru 3/31/08

SoFa COMPOSITE
EXHIBIT 3b, c & 23

| Expense Category | Source | Type | Num | Date | Name (payee) | Memo | Account | Clr | Split | Original Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Payroll | MVI Disburse | Check | 11061 | 01/05/2007 | Aaron Bates | 20070122 | 1095 Mirabilis - UC Acct BoA | o | Due From Earthxource | 1,333.33 |
| Payroll | MVI Disburse | Check | 11063 | 01/22/2007 | Aaron Bates | 2/05/071 | 1095 Mirabilis - UC Acct BoA | o | Due From Earthxource | 1,333.33 |
| Payroll | MVI Disburse | Check | 11065 | 02/05/2007 | Aaron Bates | 02-20-2007-8 | 1095 Mirabilis - UC Acct BoA | o | Due From Earthxource | 1,333.33 |
| Payroll | MVI Disburse | Check | 11071 | 02/20/2007 | Aaron Bates | Attendee | 1095 Mirabilis - UC Acct BoA | o | Due From Earthxource | 1,333.33 |
| Payroll | MVI Disburse | Check | 1069 | 05/21/2007 | Aaron Bates | Attendance Payment 3/5/07 payroll period | 1020 Fifth Third Bank | o | Sub Contractor | 1,333.33 |
| Payroll | MVI Disburse | Check | 1028 | 06/18/2007 | Aaron Bates | Attendee | 1020 Fifth Third Bank | o | Sub Contractor | 1,333.33 |
| Payroll | MVI Disburse | Paychck | 1039 | 08/20/2007 | Aaron Bates | Attendance Payment 9/15/07 payroll period | 1020 Fifth Third Bank | o | Office Expense | 1,333.33 |
| Payroll | MVI Disburse | Paychck | 1031 | 09/05/2007 | Aaron Bates | Attendee | 1020 Fifth Third Bank | o | Office Expense | 1,945.11 |
| Payroll | MVI Disburse | Paychck | 1035 | 09/20/2007 | Aaron Bates |  | 1020 Fifth Third Bank | o | -SPLIT- | 1,945.11 |
| Payroll | MVI Disburse | Paychck | 1035 | 09/20/2007 | Aaron Bates |  | 1020 Fifth Third Bank | o | -SPLIT- | 1,945.11 |
| Payroll | MVI Disburse | Paychck | 1014 | 05/21/2007 | Aaron Bates |  | 1020 Fifth Third Bank | o | -SPLIT- | 2,059.60 |
|  |  |  |  |  | Aaron Bates Total |  |  |  |  | 20,935.54 |
| Operations (vendor) | MVI Liquidated Disbursement | Check | 1045 | 07/31/2007 | Adair Custom Cleaners | Serial ATA to IDE converter | 1020 Fifth Third Bank | √ | Travel | 61,436.66 |
|  |  |  |  |  | Adair Custom Cleaners Total |  |  |  |  | 61,436.66 |
| Operations (vendor) | MVI Disburse | Check | CC | 02/04/2008 | Adolotec Technologies, Inc | Serial ATA to IDE converter | 1020 Fifth Third Bank | √ | Office Expense | 155,047.91 |
| Loan | MVI Liquidated Disbursement | Bill Pmt | Transfer | 12/05/2007 | AEM | Payment towards outstanding loan balance | 2000 Accounts Payable | √ | Accounts Payable | 1,000.00 |
|  |  |  |  |  | AEM Total |  |  |  |  | 1,000.00 |
| Creditor settlement | MVI Liquidated Disbursement | Check | 1067 | 12/05/2007 | AJAX Investments, LLC | Settlement Agreement on 2 Wheel Tunnel Lease | 7400 Rent | √ | Rent | 12,735.00 |
| Operations (vendor) | MVI Liquidated Disbursement | Check | 1049 | 07/31/2007 | AJAX Investments, LLC |  | 7200 Office Expense | √ | Office Expense | 27.00 |
|  |  |  |  |  | AJAX Investments, LLC Total |  |  |  |  | 27.00 |
| Professional fees | MVI Liquidated Disbursement | Bill Pmt | 1067 | 12/17/2007 | Allen, Dyer, Doppelt | Retainer 2 Wheel Tunes | 1020 Fifth Third Bank | √ | Professional fees | 892.00 |
| Professional fees | MVI Liquidated Disbursement | Check | 1007 | 08/01/2007 | Allen, Dyer, Doppelt |  | 1020 Fifth Third Bank | √ | Legal & Accountin | 5,000.00 |
|  |  |  |  |  | Allen, Dyer, Doppelt Total |  |  |  |  | 5,869.43 |
| Payroll | MVI Disburse | Check | 11052 | 01/05/2007 | Andrew Young |  | 1095 Mirabilis - UC Acct BoA | o | Due From Careerpoint CS | 5,000.00 |
|  |  |  |  |  | Andrew Young Total |  |  |  |  | 5,000.00 |
| Loan | MVI Liquidated Disbursement | Bill Pmt | Transfer | 10/11/2007 | AQMI Strategy Corporation | Invoice Oct 2007 for Management Services | 1020 Fifth Third Bank | √ | Accounts Payable | 75,000.00 |
| Loan | MVI Liquidated Disbursement | Bill Pmt | Transfer | 10/25/2007 | AQMI Strategy Corporation | Invoice Nov 2007 for Management Services | 1020 Fifth Third Bank | √ | Accounts Payable | 2,000.00 |
| Loan | MVI Liquidated Disbursement | Bill Pmt | Wire | 09/09/2007 | AQMI Strategy Corporation | Wire transfer to AQMI toward June Mgmt Svc INV #103 | 1020 Fifth Third Bank | √ | Accounts Payable | 2,000.00 |
| Loan | MVI Liquidated Disbursement | Bill Pmt | Transfer | 10/24/2007 | AQMI Strategy Corporation | Invoice Nov 2007 for Management Services | 1020 Fifth Third Bank | √ | Accounts Payable | 6,178.79 |
| Loan | MVI Liquidated Disbursement | Bill Pmt | Transfer | 10/25/2007 | AQMI Strategy Corporation | Invoice Oct 2007 for Management Services | 1020 Fifth Third Bank | √ | Accounts Payable | 2,000.00 |
| Loan | MVI Liquidated Disbursement | Bill Pmt | Transfer | 12/17/2007 | AQMI Strategy Corporation | Invoice Dec 2007 for Management Services | 1020 Fifth Third Bank | √ | Accounts Payable | 5,000.00 |
| Loan | MVI Disburse | Transfer | Wire | 09/19/2007 | AQMI Strategy Corporation | Wire transfer to AQMI toward June Mgmt Svc thru 103 | 1020 Fifth Third Bank | o | Professional Expe | 36,000.00 |
| Loan | MVI Disburse | Transfer | Wire | 09/24/2007 | AQMI Strategy Corporation | Wire transfer to AQMI for June Mgmt Svc INV #103 | 1020 Fifth Third Bank | o | Professional Expe | 47,000.00 |
| Loan | MVI Disburse | Transfer | Wire | 05/21/2007 | AQMI Strategy Corporation | Wire transfer to AQMI for May Mgmt services | 1020 Fifth Third Bank | o | Professional Expe | 110,000.00 |
| Loan | MVI Disburse | Transfer | Wire | 05/04/2007 | AQMI Strategy Corporation | Invoice # 101 = MVI Management Services | 1020 Fifth Third Bank | o | Legal & Accountin | 150,000.00 |
| Loan | MVI Liquidated Disbursement | Bill Pmt | Transfer | 05/21/2007 | AQMI Strategy Corporation | Invoice # 105 for Management Services | 1020 Fifth Third Bank | √ | Accounts Payable | 2,000.00 |
| Loan | MVI Disburse | Transfer | Wire | 07/31/2007 | AQMI Strategy Corporation | Retainer/June payroll past | 1003 5/3 Bank | o | Professional Expe | 2,000.00 |
| Loan | MVI Disburse | Transfer | Transfer | 07/31/2007 | AQMI Strategy Corporation | Funds Transfer | 1003 5/3 Bank | o | Due to AQMI | 5,000.00 |
| Loan | MVI Disburse | Check | 1046 | 12/14/2007 | AQMI Strategy Corporation | Proceeds from RKT Equip, auction pd to AQMI to satisfy equip | 1095 Mirabilis - UC Acct BoA | o | Gain on disposal | 541,304.11 |
|  |  |  |  |  | AQMI Strategy Corporation Total |  |  |  |  | 2,073,507.90 |
| Operations (vendor) | MVI Liquidated Disbursement | Check | 1050 | 07/31/2007 | Bailey's Coffee Service | Invoice 598718 | 7200 Office Expense | √ | Office Expense | 846.15 |
|  |  |  |  |  | Bailey's Coffee Service Total |  |  |  |  | 846.15 |
| Professional fees | MVI Liquidated Disbursement | Bill Pmt | 1085 | 11/29/2007 | Balch & Bingham LLP | Hancock Litigation | 2000 Accounts Payable | √ | Accounts Payable | 228.28 |
| Professional fees | MVI Disburse | Bill Pmt | 1041 | 05/27/2007 | Balch & Bingham LLP | Retainer (contingency) | 2000 Accounts Payable | √ | Accounts Payable | 50,000.00 |
| Professional fees | MVI Disburse | Bill Pmt | 1041 | 07/31/2007 | Balch & Bingham LLP |  | 7100 Legal & Accountin | √ | Legal & Accountin | 14,000.00 |
|  |  |  |  |  | Balch & Bingham LLP Total |  |  |  |  | 100,228.28 |
| Operations (vendor) | MVI Disburse | Check | 04/16/2007 | | Bank of America | Service Fees | 6180 Bank Charges | √ | Bank Charges | 2,016.10 |
| Operations (vendor) | MVI Disburse | Check | 03/15/2007 | | Bank of America | Service Fees | 6180 Bank Charges | √ | Bank Charges | 2,106.84 |
| Operations (vendor) | MVI Disburse | Check | 02/15/2007 | | Bank of America | Service Fees | 6180 Bank Charges | √ | Bank Charges | 2,530.52 |
| Operations (vendor) | MVI Disburse | Check | 01/18/2007 | | Bank of America |  | 6180 Bank Charges | √ | Bank Charges | 2,906.99 |
| Operations (vendor) | MVI Disburse | Check | | | Bank of America |  | 6180 Bank Charges | √ | Bank Charges | 9,733.79 |
|  |  |  |  |  | Bank of America Total |  |  |  |  | 9,733.79 |
| Operations (vendor) | MVI Liquidated Disbursement | Debit | | 02/16/2008 | Best Buy | Purchase of monitor and Recorder combo to view recordings | 7200 Office Expense | √ | Office Expense | 206.18 |
|  |  |  |  |  | Best Buy Total |  |  |  |  | 206.18 |
| Professional fees | MVI Disburse | Check | 1099 | 01/31/2008 | Blecher Greer Landio, LLP | Prnt of Invoice # 30570 | 2000 Accounts Payable | √ | Accounts Payable | 1,135.33 |
| Professional fees | MVI Liquidated Disbursement | Bill Pmt | 1017 | 12/17/2007 | Blecher Greer Landio, LLP | Prnt of Invoice # 37829 | 2000 Accounts Payable | √ | Accounts Payable | 5,904.75 |
| Professional fees | MVI Liquidated Disbursement | Check | 1054 | 05/29/2007 | Blecher Greer Landio, LLP | Prnt of Statement # 35455 | 2000 Accounts Payable | √ | Accounts Payable | 14,528.60 |
| Professional fees | MVI Disburse | Check | 1034 | 06/27/2007 | Blecher Greer Landio, LLP | Retainer | 7100 Legal & Accountin | √ | Legal & Accountin | 20,000.00 |
|  |  |  |  |  | Blecher Greer Landio, LLP Total |  |  |  |  | 3,153.44 |
| Professional fees | MVI Disburse | Bill Pmt | 11100 | 05/21/2007 | Brandywine | great plains check towards Invoice 20081231A | 2000 Accounts Payable | √ | Accounts Payable | 3,153.44 |
|  |  |  |  |  | Brandywine Total |  |  |  |  | 3,153.44 |
| Operations (vendor) | MVI Disburse | Check | 1020 | 06/21/2007 | Brian C. Smith | Brandywine Trust | 1020 Fifth Third Bank | √ | Office Expense | 10,000.00 |
|  |  |  |  |  | Brian C. Smith Total |  |  |  |  | 10,000.00 |
| Operations (vendor) | MVI Liquidated Disbursement | Bill Pmt | 1096 | 11/08/2007 | Briggs Core Solutions, LLC | Lakes Sutter security | 1020 Fifth Third Bank | √ | Accounts Payable | 4,250.00 |
| Operations (vendor) | MVI Liquidated Disbursement | Bill Pmt | 1096 | 10/07/2007 | Briggs Core Solutions, LLC | Lakes Sutter security | 1020 Fifth Third Bank | √ | Accounts Payable | 4,250.00 |
| Operations (vendor) | MVI Liquidated Disbursement | Bill Pmt | 1078 | 05/27/2007 | Briggs Core Solutions, LLC |  | 1003 5/3 Bank | √ | Accounts Payable | 5,670.52 |

SoFa COMPOSITE
EXHIBIT 3b, c & 23

| Expense Category | Source | Type | Date | Num | Name (payee) | Memo | Account | Clr | Split | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Professional fees | MVI Unpaid/Liquidated Disbursement | Check | 02/26/2008 | Wire | Briggs Core Solutions, LLC Total | Settlement of Nesta Invoices | 1020 : Fifth Third Bank | 0 | 7100 : Legal & Accountin | 13,670.52 |
| Professional fees | MVI Unpaid/Liquidated Disbursement | Check | 02/26/2008 | wire | Briggs Core Solutions, LLC Total | Settlement of WTS Legal Invoices wire held by Washington | 1020 : Fifth Third Bank | 0 | 1850 : Due from Washingt | 6,565.00 |
| | | | | | Briggs Core Solutions, LLC Total | | | | | 12,210.00 |
| | | | | | Brosd and Cassel | | | | | 38,000.00 |
| Operations (vendor) | MVI Unpaid/Liquidated Disbursement | Check | 05/16/2007 | 1013 | Broward County Clerk of Court | | 1093 : 5/3 Bank | 0 | 7100 : Legal & Accountin | 256.00 |
| | | | | | Broward County Clerk of Court Total | | | | | 256.00 |
| Professional fees | MVI Unpaid/Liquidated Disbursement | Bill Pmt | 06/26/2007 | 1065 | Brown Stone Nitzwortf LLC | | 1020 : Fifth Third Bank | 0 | 7100 : Legal & Accountin | 6,900.25 |
| Professional fees | MVI Disburse | Bill Pmt | 09/27/2007 | 1031 | Brown Stone Nitzwortf LLC | | 1093 : 5/3 Bank | 0 | 7100 : Legal & Accountin | 10,000.00 |
| | | | | | Brown Stone Nitzwortf LLC Total | | | | | 16,909.25 |
| Creditor settlement | MVI Disburse | Bill Pmt | 03/12/2008 | 1113 | Capital Office Supply | | 1020 : Fifth Third Bank | 0 | 2000 : Accounts Payable | 4,250.00 |
| | | | | | Capital Office Supply Total | | | | | 4,250.01 |
| Creditor settlement | MVI Unpaid/Liquidated Disbursement | Bill Pmt | 11/01/2007 | 1079 | Carr, Riggs & Ingram, LLC | Fee for Hancock Group records | 1020 : Fifth Third Bank | 0 | 2000 : Accounts Payable | 700.00 |
| | | | | | Carr, Riggs & Ingram, LLC Total | | | | | 700.00 |
| Creditor settlement | MVI Disburse | Check | 02/11/2008 | CC | CCH, a Wolters Kluwer business | sales tax on software licenses | 1020 : Fifth Third Bank | 0 | 7940 : Other Taxes | 254.47 |
| Creditor settlement | MVI Disburse | Bill Pmt | 02/19/2007 | 11069 | CCH, a Wolters Kluwer business | | 1088 : Manatlife - I/C Acct. BofA | 0 | 2000 : Accounts Payable | 304.43 |
| Creditor settlement | MVI Disburse | Check | 05/23/2007 | 1050 | CCH, a Wolters Kluwer business | Account Number: 130083 | 1020 : Fifth Third Bank | 0 | 2000 : Accounts Payable | 452.00 |
| | | | | | CCH, a Wolters Kluwer business Total | | | | | 1,211.30 |
| Operations (vendor) | Bank Strom | Debit | 03/10/2008 | Debit | CDW Direct | Per bank statement | 1093 : 5/3 Bank | 0 | 2000 : Accounts Payable | 328.35 |
| | | | | | CDW Direct Total | | | | | 326.25 |
| Loan | MVI Unpaid/Liquidated Disbursement | Transfer | 07/10/2007 | | Centro | Funds Transfer | 1093 : 5/3 Bank | 0 | Due to Centro | 1,000.00 |
| | | | | | Centro Total | | | | | 1,000.00 |
| Creditor settlement | MVI Unpaid/Liquidated Disbursement | Bill Pmt | 09/04/2007 | 1071 | ClearChannel Radio | Sponsorship on Gator Network | 1020 : Fifth Third Bank | 0 | 2000 : Accounts Payable | 7,775.00 |
| | | | | | ClearChannel Radio Total | | | | | 7,775.00 |
| Professional fees | MVI Disburse | Check | 02/19/2007 | 1025 | Clerk, US District Court | Florida Middle District filer Arbitration - Aaron Bejos | 1020 : Fifth Third Bank | 0 | 8500 : Dues & Subscription | 155.00 |
| | | | | | Clerk, US District Court Total | | | | | 155.00 |
| Operations (vendor) | MVI Disburse | Check | 02/04/2008 | CC | Clearbridge | Rental of 7 X-rey licenses for 10 days | 1020 : Fifth Third Bank | 0 | 7000 : Lease Expense | 1,612.84 |
| | | | | | Clearbridge Total | | | | | 1,612.84 |
| Creditor settlement | MVI Disburse | Bill Pmt | 07/24/2007 | EFT | Common Paymaster Corp | | 1093 : 5/3 Bank | 0 | 2000 : Accounts Payable | 50,000.00 |
| Creditor settlement | MVI Disburse | Bill Pmt | 08/03/2007 | EFT | Common Paymaster Corp | | 1020 : Fifth Third Bank | 0 | 2430 : Due to Common F | 50,000.00 |
| Creditor settlement | MVI Disburse | Bill Pmt | 02/06/2007 | | Common Paymaster Corp | | 1088 : Manatlife - I/C Acct. BofA | 0 | 2000 : Accounts Payable | 370,000.00 |
| | | | | | Common Paymaster Corp Total | | | | | 450,000.00 |
| Operations (vendor) | MVI Unpaid/Liquidated Disbursement | Bill Pmt | 01/21/2008 | 1097 | Corporate Creations | Project Roy | 1020 : Fifth Third Bank | 0 | 2000 : Accounts Payable | 84.50 |
| Operations (vendor) | MVI Disburse | Bill Pmt | 02/27/2007 | 11073 | Corporate Creations | Invoice 2008-3-71457A (PACC) | 1020 : Fifth Third Bank | 0 | 7100 : Legal & Accountin | 1,340.00 |
| | | | | | Corporate Creations Total | | | | | 1,727.00 |
| Professional fees | MVI Unpaid/Liquidated Disbursement | Bill Pmt | 01/30/2008 | 1094 | Court, Slitthman, Bliss & Conville | Invoice 2008-3-75755 | 1020 : Fifth Third Bank | 0 | 2000 : Accounts Payable | 1,340.00 |
| | | | | | Court, Slitthman, Bliss & Conville Total | | | | | 84.50 |
| Professional fees | MVI Disburse | Check | 06/27/2007 | 1033 | Craddock Davis & Krause LLP | Retainer | 1100 : Legal & Accountin | 0 | 7100 : Legal & Accountin | 10,000.00 |
| Professional fees | MVI Disburse | Bill Pmt | 05/04/2007 | 1027 | Craddock Davis & Krause LLP | Retainer/Agreement | 1020 : Fifth Third Bank | 0 | 2000 : Accounts Payable | 15,000.00 |
| | | | | | Craddock Davis & Krause LLP Total | | | | | 25,000.00 |
| Operations (vendor) | MVI Disburse | Check | 02/07/2008 | CC | CRG - Whitehot LLC | write blocker for Summation Imports | 1020 : Fifth Third Bank | 0 | 1520 : Machinery & Equip | 1,327.29 |
| | | | | | CRG - Whitehot LLC Total | | | | | 1,327.29 |
| Creditor settlement | MVI Disburse | Bill Pmt | 08/16/2008 | 1051 | DHL Total | Please close account 70624147B | 1020 : Fifth Third Bank | 0 | 2000 : Accounts Payable | 4,303.91 |
| | | | | | DHL Total | | | | | 4,303.91 |
| Operations (vendor) | MVI Disburse | Check | 08/15/2008 | wire | Digitale Technologies, Inc. | Raid for hard drive storage | 1020 : Fifth Third Bank | 0 | 1520 : Machinery & Equip | 4,303.91 |
| | | | | | Digitale Technologies, Inc. Total | | | | | 16,227.00 |
| Creditor settlement | MVI Unpaid/Liquidated Disbursement | Bill Pmt | 09/11/2007 | Wire | DLA Piper | Project Roy | 1020 : Fifth Third Bank | 0 | 2000 : Accounts Payable | 5,400.00 |
| Creditor settlement | MVI Disburse | Check | 01/02/2007 | EFT | DLA Piper Total | BarClays Bank PLC | 1088 : Manatlife - I/C Acct. BofA | 0 | 7200 : Office Expense | 25,311.00 |
| | | | | | DLA Piper Total | | | | | 25,711.00 |
| Operations (vendor) | MVI Disburse | Check | 01/29/2008 | | DIP/Outlook | | 1020 : Fifth Third Bank | 0 | 1020 : Computer Software | 84.68 |
| | | | | | DIP/Outlook Total | | | | | 84.65 |
| Operations (vendor) | MVI Disburse | Check | 01/31/2007 | 11064 | Elisabeth Neebling | Exp Report | 1088 : Manatlife - I/C Acct. BofA | 0 | 7770 : Meals & Entertain | 14.25 |
| | | | | | Elisabeth Neebling Total | | | | | 14.25 |
| Operations (vendor) | Bank Stmt | Debit | 03/28/2008 | Debit | ESProcess | Per bank statement | 1093 : 5/3 Bank | 0 | | 197.00 |
| | | | | | ESProcess Total | | | | | 197.00 |
| Operations (vendor) | MVI Disburse | Bill Pmt | 07/31/2007 | 1081 | FedEx | | 1020 : Fifth Third Bank | 0 | 2000 : Accounts Payable | 504.94 |
| | | | | | FedEx Total | | | | | 504.94 |
| Operations (vendor) | MVI Unpaid/Liquidated Disbursement | Check | 03/14/2008 | 11055 | Fernando Sano | Per bank statement | 1088 : Manatlife - I/C Acct. BofA | 0 | 2000 : Accounts Payable | 347.00 |
| | | | | | Fernando Sano Total | | | | | 347.00 |
| Operations (vendor) | MVI Disburse | Check | 01/10/2007 | 11055 | Fifth Third Bank | | 1020 : Fifth Third Bank | 0 | 6180 : Bank Charges | 347.00 |
| Operations (vendor) | MVI Unpaid/Liquidated Disbursement | Check | 01/15/2008 | debit | Fifth Third Bank | Service fee | 1020 : Fifth Third Bank | 0 | 6180 : Bank Charges | 30.00 |
| Operations (vendor) | MVI Unpaid/Liquidated Disbursement | Check | 10/12/2007 | debit | Fifth Third Bank | Service fee | 1020 : Fifth Third Bank | 0 | 6180 : Bank Charges | 17.00 |
| Operations (vendor) | MVI Unpaid/Liquidated Disbursement | Check | 11/15/2007 | 6606 | Fifth Third Bank | Service fee | 1020 : Fifth Third Bank | 0 | 6180 : Bank Charges | 75.00 |
| Operations (vendor) | MVI Disburse | Check | 05/29/2007 | EFT | Fifth Third Bank | Overdraft Fee | 1093 : 5/3 Bank | 0 | 6180 : Bank Charges | 33.00 |
| Operations (vendor) | MVI Disburse | Check | 05/29/2007 | EFT | Fifth Third Bank | Overdraft Fee | 1093 : 5/3 Bank | 0 | 6180 : Bank Charges | 33.00 |
| Operations (vendor) | MVI Disburse | Check | 02/12/2008 | EFT | Fifth Third Bank | Service Charge | 1020 : Fifth Third Bank | 0 | 6180 : Bank Charges | 49.05 |
| Operations (vendor) | MVI Disburse | Check | 08/13/2007 | EFT | Fifth Third Bank | International Fee | 1020 : Fifth Third Bank | 0 | 6180 : Bank Charges | 47.10 |
| Operations (vendor) | MVI Disburse | Check | 02/29/2008 | EFT | Fifth Third Bank | International Fee | 1020 : Fifth Third Bank | 0 | 6180 : Bank Charges | 49.36 |
| Operations (vendor) | MVI Disburse | Check | 05/30/2007 | | Fifth Third Bank | Service Charge | 1020 : Fifth Third Bank | 0 | 6180 : Bank Charges | 50.00 |
| Operations (vendor) | MVI Disburse | Check | 09/18/2007 | | Fifth Third Bank | Service fee | 1020 : Fifth Third Bank | 0 | 6180 : Bank Charges | 50.00 |
| Operations (vendor) | MVI Disburse | Check | 07/18/2007 | | Fifth Third Bank | Service Charge | 1020 : Fifth Third Bank | 0 | 6180 : Bank Charges | 58.00 |
| | | | | | Fifth Third Bank Total | | | | | 429.45 |
| Operations (vendor) | MVI Disburse | Check | 07/31/2007 | 1046 | Florida Claus Sports | | 1020 : Fifth Third Bank | 0 | 8200 : Charitable Contrib | 210.00 |
| | | | | | Florida Claus Sports Total | | | | | 210.00 |
| Operations (vendor) | MVI Disburse | Check | 06/07/2007 | 1059 | Florida Department of State | Dissolution of Centro | 1020 : Fifth Third Bank | 0 | 7100 : License & Permits | 33.00 |
| | | | | | Florida Department of State Total | | | | | 33.00 |
| Operations (vendor) | MVI Disburse | Check | 01/01/2007 | 11055 | Frank Haliatones | IVC011154 | 1088 : Manatlife - I/C Acct. BofA | 0 | 7751 : Travel | 455.87 |
| | | | | | Frank Haliatones Total | Expense Reports | | | | 455.87 |

| Expense Category | Source | Type | Date | Num | Name (payee) | Memo | Account | Cr | Split | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Loan | MVI Liquidated Disbursement | Check | 10/19/2007 | Wire | Frank's Creates | Loan to Frank's Creates, payroll | 1020 · Fifth Third Bank | √ | 1128 · Due from Frank's ( | 7,500.00 |
| | | | | | Frank's Creates Total | | | | | 7,500.00 |
| Operations (vendor) | MVI Liquidated Disbursement | Bill Pmt | 06/30/2007 | Wire | Freightquote.com Inc. | Wire payment for shipping 2WT inventory from KC to Orlando | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 2,502.41 |
| | | | | | Freightquote.com Inc. Total | | | | | 2,502.41 |
| Operations (vendor) | MVI Liquidated Disbursement | Bill Pmt | 02/04/2008 | 1102 | Gibb Development, Inc. | Feb Rent - Metadia Guarantor of Crispies lease | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 12,300.00 |
| Operations (vendor) | MVI Liquidated Disbursement | Bill Pmt | 02/21/2008 | 1112 | Gibb Development, Inc. | March Rent - Metadia Guarantor of Crispies lease | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 12,300.00 |
| | | | | | Gibb Development, Inc. Total | | | | | 24,600.00 |
| Professional fees | MVI Liquidated Disbursement | Bill Pmt | 11/15/2007 | 1062 | Goldberg Bates, PLLC | Reimbursement of MVI expenses | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 2,654.61 |
| Professional fees | MVI Liquidated Disbursement | Bill Pmt | 10/23/2007 | 1077 | Goldberg Bates, PLLC | Reimbursement of MVI expenses | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 2,273.15 |
| Professional fees | MVI Liquidated Disbursement | Bill Pmt | 01/31/2008 | 1040 | Goldberg Bates, PLLC | Reimbursement of MVI expenses | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 4,621.44 |
| Professional fees | MVI Liquidated Disbursement | Bill Pmt | 11/12/2007 | 1081 | Goldberg Bates, PLLC | Reimbursement of MVI expenses | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 6,500.00 |
| Professional fees | MVI Liquidated Disbursement | Bill Pmt | 10/12/2007 | 1074 | Goldberg Bates, PLLC | NACJ Retainer to Law Fund, P.C. | 1020 · Fifth Third Bank | √ | 2434 · Due to Wellington | 10,000.00 |
| | | | | | Goldberg Bates, PLLC Total | | | | | 25,568.20 |
| Professional fees | MVI Disburse | Check | 06/27/2007 | 1030 | Grace & Welch | Retainer | 1093 · 5/3 Bank | ○ | 7100 · Legal & Accounting | 10,000.00 |
| | | | | | Grace & Welch Total | | | | | 10,000.00 |
| Professional fees | MVI Liquidated Disbursement | Bill Pmt | 03/20/2008 | 1114 | Hill Ward Henderson | File 007300.000001 Invoice 10285469 | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 416.67 |
| | | | | | Hill Ward Henderson Total | | | | | 416.67 |
| Operations (vendor) | MVI Liquidated Disbursement | Bill Pmt | 07/31/2007 | 1047 | H2B Ward Henderson | 084412 | 1020 · Fifth Third Bank | √ | 2900 · W11 Tax Expense | 634.34 |
| Operations (vendor) | MVI Disburse | Check | 02/24/2008 | 1091 | Humana Medical Plan | Policy 694412 July 2007 Premium | 1093 · 5/3 Bank | ○ | 6800 · Insurance - Health | 1,200.20 |
| Operations (vendor) | MVI Disburse | Check | 07/03/2007 | 1040 | Humana Medical Plan | Policy 694412 May 2007 Premium 9 employees | 1093 · 5/3 Bank | ○ | 6800 · Insurance - Health | 5,230.73 |
| Operations (vendor) | MVI Disburse | Check | 05/30/2007 | 1022 | Humana Medical Plan | Policy 694412 June 2007 Premium | 1093 · 5/3 Bank | ○ | 6800 · Insurance - Health | 5,230.73 |
| Operations (vendor) | MVI Disburse | Check | 07/31/2007 | 1039 | Humana Medical Plan | Policy 694412 | 1093 · 5/3 Bank | ○ | 6800 · Insurance - Health | |
| | | | | | Humana Medical Plan Total | | | | | |
| Operations (vendor) | MVI Liquidated Disbursement | Check | 02/24/2009 | CC | icforensic.com | write blockers for Summation import | 1020 · Fifth Third Bank | √ | 1520 · Machinery & Equi | 1,869.60 |
| | | | | | icforensic.com Total | | | | | 1,869.60 |
| Creditor settlement | MVI Liquidated Disbursement | Bill Pmt | 02/04/2009 | 1009 | Icon Embroidery & Apparel | Settlement clockstamping Metadia Invoices | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 464.40 |
| | | | | | Icon Embroidery & Apparel Total | | | | | 464.40 |
| Tax payment | MVI Disburse | Check | 06/14/2007 | 1011 | Internal Revenue Service | | 1093 · 5/3 Bank | ○ | 7900 · W11 Tax Expense | 5,000.00 |
| | | | | | Internal Revenue Service Total | | | | | 5,000.00 |
| Operations (vendor) | MVI Disburse | Check | 02/01/2008 | CC | IPRO | Rent for 6 Ecarot Expenses for 30 days | 1093 · 5/3 Bank | ○ | 7000 · Lease Expense | 2,000.00 |
| | | | | | IPRO Total | | | | | 2,000.00 |
| Creditor settlement | MVI Liquidated Disbursement | Bill Pmt | 06/31/2007 | 1089 | Jacksonville Jaguars Foundation, Inc. | Settlement of Jacksonville Jaguars, Ltd. sponsorship | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 20,000.00 |
| | | | | | Jacksonville Jaguars Foundation, Inc. Total | | | | | 20,000.00 |
| Operations (vendor) | MVI Disburse | Bill Pmt | 07/31/2007 | 1095 | Jason Brownell | Office Expenses for Summation | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 401.47 |
| Operations (vendor) | MVI Disburse | Bill Pmt | 02/15/2008 | 1105 | Jason Brownell | Office Expenses for Summation | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 746.29 |
| | | | | | Jason Brownell Total | | | | | |
| Operations (vendor) | MVI Disburse | Check | 07/31/2007 | 1053 | Johnson Transcription Services | Cadari Transcription | 1020 · Fifth Third Bank | √ | 7100 · Legal & Accounting | 1,231.13 |
| | | | | | Johnson Transcription Services Total | | | | | |
| Creditor settlement | MVI Disburse | Check | 01/11/2008 | cashier chk | Kennedy Funding Inc | Morton Plant Hospital settlement | 1066 · Mirabilla - I/C Accts BofA | ○ | 7200 · Office Expense | 70,000.00 |
| | | | | | Kennedy Funding Inc Total | | | | | 70,000.00 |
| Creditor settlement | MVI Liquidated Disbursement | Bill Pmt | 09/19/2007 | 1072 | Kjell Jasson | | 1020 · Fifth Third Bank | √ | 7200 · Office Expense | 3,851.46 |
| | | | | | Kjell Jasson Total | | | | | 3,851.46 |
| Professional fees | MVI Liquidated Disbursement | Bill Pmt | 01/11/2008 | 1043 | Langberry, Gillen & Lundqvist, LLC | Retainer | 1020 · Fifth Third Bank | √ | 7100 · Legal & Accounting | 5,000.00 |
| Professional fees | MVI Liquidated Disbursement | Bill Pmt | 12/17/2007 | 1043 | Langberry, Gillen & Lundqvist, LLC | Invoice 20660, 26651, & 48630 | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 15,000.00 |
| | | | | | Langberry, Gillen & Lundqvist, LLC Total | | | | | 20,000.00 |
| Creditor settlement | MVI Disburse | Check | 11/15/2007 | cashier ck | Larson Allen, LLP | Retainer for RXT Export | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 20,000.00 |
| Creditor settlement | MVI Disburse | Check | 12/17/2007 | Cashier Chk | Larson Allen, LLP | Retainer | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | |
| | | | | | Larson Allen, LLP Total | | | | | |
| Professional fees | MVI Disburse | Check | 07/11/2007 | 1042 | Law Firm of Robert C. Becker, Jr. | Retainer | 1020 · Fifth Third Bank | √ | 7100 · Legal & Accounting | 5,000.00 |
| | | | | | Law Firm of Robert C. Becker, Jr. Total | | | | | 5,000.00 |
| Professional fees | MVI Disburse | Check | 05/01/2007 | 1001 | Law Office of Christopher C. Kendall, PC | | 1020 · Fifth Third Bank | √ | 7100 · Legal & Accounting | 5,000.00 |
| | | | | | Law Office of Christopher C. Kendall, PC Total | | | | | 5,000.00 |
| Operations (vendor) | MVI Disburse | Bill Pmt | 02/15/2008 | 1110 | LM Liquidations | Payment for service to LM Liquidations | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 1,000.00 |
| Operations (vendor) | MVI Disburse | Bill Pmt | 02/10/2008 | 1107 | LM Liquidations | Payment for service to LM Liquidations | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 5,000.00 |
| Operations (vendor) | MVI Disburse | Bill Pmt | 02/15/2008 | 1104 | LM Liquidations | Payment for service to LM Liquidations | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 8,000.00 |
| Operations (vendor) | MVI Disburse | Bill Pmt | 02/09/2008 | 1105 | LM Liquidations | A/C Unit for the warehouse | 1020 · Fifth Third Bank | √ | 1520 · Machinery & Equi | 8,000.00 |
| Operations (vendor) | MVI Disburse | Bill Pmt | 10/19/2007 | 1003 | LM Liquidations | Payment for service to LM Liquidations | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 40,000.00 |
| Operations (vendor) | MVI Disburse | Bill Pmt | 11/15/2007 | 1015 | LM Liquidations | Payment for service to LM Liquidations | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 55,000.00 |
| | | | | | LM Liquidations Total | | | | | |
| Operations (vendor) | MVI Disburse | Check | 02/29/2008 | 11074 | Mark J. Becer | | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 1,352.50 |
| Operations (vendor) | MVI Disburse | Check | 05/11/2007 | 1010 | Mark J. Becer | | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | |
| | | | | | Mark J. Becer Total | | | | | |
| Operations (vendor) | MVI Liquidated Disbursement | Bill Pmt | 02/15/2008 | 1099 | Martin C. Flynn, Jr. | Office expenses for Summation | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 1,353.50 |
| | | | | | Martin C. Flynn, Jr. Total | | | | | 1,353.50 |
| Professional fees | MVI Liquidated Disbursement | Bill Pmt | 01/04/2008 | 1092 | Maleer and Harbert | RXT Constructors Matter: 18154, INV 48177, 46381, & 48563 | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | |
| Professional fees | MVI Liquidated Disbursement | Bill Pmt | 12/19/2007 | 1068 | Maleer and Harbert | RXT Constructors Matter: 18154 | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 14,830.51 |
| | | | | | Maleer and Harbert Total | | | | | 17,188.75 |
| Payroll | MVI Disburse | Paycheck | 05/05/2007 | 1032 | Matthew S. Mokwa | | 1093 · 5/3 Bank | ○ | -SPLIT- | 3,040.25 |
| Payroll | MVI Disburse | Paycheck | 05/20/2007 | 1037 | Matthew S. Mokwa | | 1093 · 5/3 Bank | ○ | -SPLIT- | 3,040.25 |
| Payroll | MVI Disburse | Paycheck | 06/05/2007 | 1033 | Matthew S. Mokwa | | 1093 · 5/3 Bank | ○ | -SPLIT- | 3,203.75 |
| Payroll | MVI Disburse | Paycheck | 05/20/2007 | 1035 | Matthew S. Mokwa | | 1093 · 5/3 Bank | ○ | -SPLIT- | 3,203.75 |
| Payroll | MVI Disburse | Paycheck | 05/21/2007 | 1015 | Matthew S. Mokwa | | 1093 · 5/3 Bank | ○ | -SPLIT- | 3,203.75 |
| | | | | | Matthew S. Mokwa Total | | | | | |
| Creditor settlement | MVI Disburse | Bill Pmt | 05/15/2007 | 1099 | New Orleans Saints | Sponsorship | 1020 · Fifth Third Bank | √ | 2000 · Accounts Payable | 12,500.00 |
| | | | | | New Orleans Saints Total | | | | | 12,500.00 |
| Payroll | MVI Disburse | Paycheck | 05/05/2007 | 1004 | Nichola M. Beamer | | 1093 · 5/3 Bank | ○ | -SPLIT- | 2,035.75 |
| Payroll | MVI Disburse | Paycheck | 05/20/2007 | 1008 | Nichola M. Beamer | | 1093 · 5/3 Bank | ○ | -SPLIT- | 2,035.75 |
| Payroll | MVI Disburse | Paycheck | 06/05/2007 | 1007 | Nichola M. Beamer | | 1093 · 5/3 Bank | ○ | -SPLIT- | 2,035.75 |
| Payroll | MVI Disburse | Paycheck | 06/05/2007 | 1033 | Nichola M. Beamer | | 1093 · 5/3 Bank | ○ | -SPLIT- | 2,035.75 |

| Expense Category | Source | Type | Date | Num | Name (payee) | Memo | Account | Clr | Split | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Payroll | MVI Disburse | Paycheck | 09/20/2007 | 1038 | Nichole M. Steamer | | 1083 - 5/3 Bank | C | -SPLIT- | 2,038.73 |
| Payroll | MVI Disburse | Paycheck | 09/20/2007 | 1037 | Nichole M. Steamer | | 1083 - 5/3 Bank | C | -SPLIT- | 2,038.73 |
| | | | | | Nichole M. Steamer Total | | | | | 10,613.18 |
| Operations (vendor) | MVI Disburse | Check | 10/01/2007 | wire | Oxygen Unlimited | COBRA payments | 1083 - 5/3 Bank | C | 1151 - Due from Presidio | 4,147.18 |
| | | | | | Oxygen Unlimited Total | | | | | 4,147.18 |
| Operations (vendor) | MVI Liquidated Disbursement | Bill Pmt - | 11/01/2007 | 1073 | Parcel Plus | Mirabilis Suite, Print # 2 of 2 | 1020 - Fifth Third Bank | | 2000 - Accounts Payable | 55.00 |
| | | | | | Parcel Plus Total | | | | | 55.00 |
| Operations (vendor) | MVI Disburse | Check | 02/19/2007 | | PaySource USA VII, Inc. | SPS Payroll | 1085 - Mirabilis - L/C Acct. BoA | C | Due from SPS Team US | 4,500.00 |
| Operations (vendor) | MVI Disburse | Check | 02/19/2007 | | PaySource USA VII, Inc. | | 1085 - Mirabilis - L/C Acct. BoA | C | 4900 - Other Income | 23,157.64 |
| | | | | | PaySource USA VII, Inc. Total | | | | | 27,657.64 |
| Creditor settlement | MVI Liquidated Disbursement | Bill Pmt - | 09/26/2007 | 1066 | Personnel One / Staffing Solutions | Settlement of all Nexia invoices | 1020 - Fifth Third Bank | | 2000 - Accounts Payable | 4,915.52 |
| | | | | | Personnel One / Staffing Solutions Total | | | | | 4,915.52 |
| Professional fees | MVI Disburse | Check | 05/29/2007 | 1021 | Phoenix Legal | Mirabilis v. Ratchet | 1083 - 5/3 Bank | C | 7100 - Legal & Accountin | 75.00 |
| Professional fees | MVI Disburse | Check | 05/10/2007 | 1002 | Phoenix Legal | Service on Jeff Ratchet | 1083 - 5/3 Bank | C | 7100 - Legal & Accountin | 75.00 |
| | | | | | Phoenix Legal Total | | | | | 150.00 |
| Operations (vendor) | MVI Liquidated Disbursement | Bill Pmt - | 06/11/2007 | 1023 | Postmaster | 6 months Box #4810 | 1020 - Fifth Third Bank | | 2000 - Accounts Payable | 475.00 |
| | | | | | Postmaster Total | | | | | 475.00 |
| Operations (vendor) | MVI Liquidated Disbursement | Check | 07/31/2007 | 1054 | Premiere Global Services | | 7200 - Office Expense | | | 225.77 |
| | | | | | Premiere Global Services Total | | | | | 225.77 |
| Operations (vendor) | MVI Disburse | Check | 07/31/2007 | 1008 | Premium Assignment Corporation | | 1083 - 5/3 Bank | C | -SPLIT- | 18,522.51 |
| Operations (vendor) | MVI Disburse | Check | 07/31/2007 | 1245 | Premium Assignment Corporation | Mirabilis August 2007 payment | 1020 - Fifth Third Bank | C | 6600 - Insurance - Liabili | 18,622.51 |
| Operations (vendor) | MVI Disburse | Bill Pmt - | 08/30/2007 | 1070 | Premium Assignment Corporation | Acct. 346706  Print #6 of 9 | 1020 - Fifth Third Bank | C | 2000 - Accounts Payable | 18,622.51 |
| Operations (vendor) | MVI Disburse | Bill Pmt - | 10/18/2007 | 1075 | Premium Assignment Corporation | Acct. 346706  Print #9 of 9, Sept 2007 | 1020 - Fifth Third Bank | C | 2000 - Accounts Payable | 18,622.51 |
| | | | | | Premium Assignment Corporation Total | 346706 | | | | 73,422.00* |
| Payroll | MVI Disburse | Liability C | 05/07/2007 | | QuickBooks Payroll Service | Created by Payroll Service on 05/07/2007 | 1083 - 5/3 Bank | C | 6560 - Payroll Expenses | 6,550.00* |
| Payroll | MVI Disburse | Liability C | 05/07/2007 | | QuickBooks Payroll Service | Created by Payroll Service on 05/07/2007 | 1083 - 5/3 Bank | C | 7240 - Payroll Expenses | 4.79 |
| Payroll | MVI Disburse | Liability C | 08/03/2007 | EFT | QuickBooks EFT | QuickBooks EFT | 1020 - Fifth Third Bank | C | 7240 - Wages | 48.70 |
| Payroll | MVI Disburse | Liability C | 05/22/2007 | | QuickBooks Payroll Service | Created by Payroll Service on 05/22/2007 | 1083 - 5/3 Bank | C | 7240 - Wages | 76.52 |
| Payroll | MVI Disburse | Liability C | 05/29/2007 | | QuickBooks Payroll Service | Created by Payroll Service on 05/29/2007 | 1083 - 5/3 Bank | C | -SPLIT- | 5,052.79 |
| Payroll | MVI Disburse | Liability C | 05/29/2007 | | QuickBooks Payroll Service | Created by Payroll Service on 05/29/2007 | 1083 - 5/3 Bank | C | -SPLIT- | 43.10 |
| Payroll | MVI Disburse | Liability C | 05/22/2007 | | QuickBooks Payroll Service | Created by Payroll Service on 05/22/2007 | 1083 - 5/3 Bank | C | -SPLIT- | 8,307.26 |
| Payroll | MVI Disburse | Liability C | 05/22/2007 | | QuickBooks Payroll Service | Created by Payroll Service on 05/22/2007 | 1083 - 5/3 Bank | C | -SPLIT- | 6,443.46 |
| Payroll | MVI Disburse | Liability C | 05/17/2007 | | QuickBooks Payroll Service | Created by Payroll Service on 05/17/2007 | 1083 - 5/3 Bank | C | -SPLIT- | 6,492.00* |
| | | | | | QuickBooks Payroll Service Total | | | | | 30,436.60* |
| Professional fees | MVI Liquidated Disbursement | Check | 09/19/2007 | 1026 | Randy Kincaid Realty | Promotional Fee to Auditmann | 1020 - Fifth Third Bank | | Due from Palm Suites La | 10,000.00 |
| | | | | | Randy Kincaid Realty Total | | | | | 10,000.00 |
| Operations (vendor) | MVI Liquidated Disbursement | Check | 07/31/2007 | 1055 | Raymond Martens Photography | | 7200 - Office Expense | | | 100.00 |
| Operations (vendor) | MVI Disburse | Bill Pmt - | 02/22/2007 | 1070 | Raymond Martens Photography | | 1020 - Fifth Third Bank | C | 2000 - Accounts Payable | 2,096.50 |
| | | | | | Raymond Martens Photography Total | | | | | 2,096.50 |
| Rent | MVI Disburse | Check | 06/22/2007 | wire | Recovery One, LLC | | 1020 - Fifth Third Bank | C | 7400 - Rent | 50,000.00 |
| Rent | MVI Disburse | Check | 06/22/2007 | wire | Recovery One, LLC Total | | 1020 - Fifth Third Bank | C | 7400 - Rent | 75,000.00* |
| | | | | | Recovery One, LLC Total | | | | | 125,000.00* |
| | MVI Disburse | Check | | | RPM Mainstreet | RPM Mainstreet | 1020 - Fifth Third Bank | C | 7940 - Other Taxes | |
| | | | | | RPM Mainstreet Total | | | | | |
| Tax payment | MVI Liquidated Disbursement | Check | 12/31/2007 | 1090 | Rod Remboldt, Seward Tax Collector | RKT Constructors (2005, 2006, 2007) | 1020 - Fifth Third Bank | | -SPLIT- | 10,935.63* |
| | | | | | Rod Remboldt, Seward Tax Collector Total | | | | | 10,935.63* |
| Payroll | MVI Disburse | Paycheck | 09/05/2007 | 1034 | Scott M. Goldberg | | 1083 - 5/3 Bank | C | -SPLIT- | 3,376.15* |
| Payroll | MVI Disburse | Paycheck | 09/20/2007 | 1039 | Scott M. Goldberg | | 1083 - 5/3 Bank | C | -SPLIT- | 3,376.15 |
| Payroll | MVI Disburse | Paycheck | 09/20/2007 | 1035 | Scott M. Goldberg | | 1083 - 5/3 Bank | C | -SPLIT- | 3,376.15 |
| Payroll | MVI Disburse | Paycheck | 05/22/2007 | 1016 | Scott M. Goldberg | | 1083 - 5/3 Bank | C | -SPLIT- | 3,525.50 |
| Payroll | MVI Disburse | Paycheck | 05/31/2007 | 1017 | Scott M. Goldberg | | 1083 - 5/3 Bank | C | -SPLIT- | 3,525.50 |
| | | | | | Scott M. Goldberg Total | | | | | 17,176.30* |
| Professional fees | MVI Disburse | Bill Pmt - | 11/15/2007 | 1064 | Shutts & Bowen LLP | | 1020 - Fifth Third Bank | C | -SPLIT- | 7,441.45* |
| Professional fees | MVI Disburse | Bill Pmt - | 02/04/2008 | 1103 | Shutts & Bowen LLP | | 1020 - Fifth Third Bank | C | 2000 - Accounts Payable | 25,000.00 |
| Professional fees | MVI Disburse | Bill Pmt - | 06/11/2007 | 1052 | Shutts & Bowen LLP | | 1020 - Fifth Third Bank | C | 2000 - Accounts Payable | 20,817.40 |
| | | | | | Shutts & Bowen LLP Total | | | | | 53,817.45* |
| Operations (vendor) | MVI Liquidated Disbursement | Check | 09/19/2007 | wire | Socore Business Development, Inc. | consulting agreement | 1083 - 5/3 Bank | C | 8220 - Professional Expe | 25,000.00 |
| Operations (vendor) | MVI Liquidated Disbursement | Check | 07/03/2007 | wire | Socore Business Development, Inc. | consulting agreement | 1083 - 5/3 Bank | C | 8220 - Professional Expe | 25,000.00 |
| Operations (vendor) | MVI Liquidated Disbursement | Check | 07/11/2007 | EFT | Socore Business Development, Inc. | consulting agreement | 1020 - Fifth Third Bank | C | 8220 - Professional Expe | 50,000.00 |
| | | | | | Socore Business Development, Inc. Total | | | | | 100,000.00* |
| Professional fees | MVI Disburse | Check | | 1044 | Stereo H. Kane, Esq | The New FE Escrow Account | 1020 - Fifth Third Bank | | Due from Emquest | 818.00* |
| | | | | | Stereo H. Kane, Esq Total | | | | | 818.00* |
| Operations (vendor) | MVI Disburse | Bill Pmt - | 01/21/2008 | 1098 | Summit Software | Common Paymaster Corp. W-2 Processing | 1020 - Fifth Third Bank | C | 2000 - Accounts Payable | 368.73 |
| Operations (vendor) | MVI Disburse | Bill Pmt - | 12/21/2007 | 1089 | Summit Software | | 1020 - Fifth Third Bank | C | 2000 - Accounts Payable | 1,137.00* |
| | | | | | Summit Software Total | | | | | 1,505.73 |
| Operations (vendor) | MVI Disburse | Check | 01/31/2008 | 1096 | SunTrust Bank | Close RKT Bank Account, rectify negative balance | 1020 - Fifth Third Bank | | 1127 - Due from RKT Co | 818.00* |
| | | | | | SunTrust Bank Total | | | | | 818.00* |
| Operations (vendor) | MVI Disburse | Check | 02/23/2007 | | Synergy Franchise Services | Emquest | 1085 - Mirabilis - L/C Acct. BoA | C | 1000 - | 1,000,000* |
| | | | | | Synergy Franchise Services Total | | | | | 1,000,000* |
| | Bank Stmt | Debit | 10/26/2007 | | tbd | Per bank statement | 1060 - 5/3 Bank | C | -SPLIT- | 333.76 |
| | Bank Stmt | Debit | 05/15/2007 | | tbd | Per bank statement | 1085 - Mirabilis - L/C Acct. BoA | C | -SPLIT- | 2,251.92 |
| | | | | | tbd Total | | | | | 2,585.57 |
| Operations (vendor) | MVI Disburse | Check | 02/19/2008 | 1105 | TEKsystems | IT Staffing | 1020 - Fifth Third Bank | | 2000 - Accounts Payable | 250.00 |
| | | | | | TEKsystems Total | | | | | 250.00 |
| Operations (vendor) | MVI Disburse | Check | 08/11/2007 | 1024 | Tennessee Secretary of State | Annual Report for WinFair Hospitality Chattanooga, LLC | 1053 - 5/3 Bank | C | 7181 - License & Permits | 250.00 |
| | | | | | Tennessee Secretary of State Total | | | | | 250.00 |
| Loan | MVI Liquidated Disbursement | Transfer | 12/18/2007 | | Tenshi | Funds Transfer | 1040 - Due From Tenshi | | 1840 - Due From Tenshi | 11,500.00 |
| Loan | MVI Liquidated Disbursement | Transfer | 09/05/2007 | | Tenshi | Funds Transfer | 1020 - Fifth Third Bank | | 2435 - Due to TenSN | 12,000.00 |

4 of 5

Case 1:09-bk-19225-ARS Doc 562-1 Filed 05/08/12 Page 79 of 99

3:55 PM

| Expense Category | Source | Type | Date | Num | Name (payee) | Memo | Account | Clr | Split | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Loan | MVI Disburse | Transfer | 07/09/2007 | | Tenfit | Funds Transfer | 1093 : 5/3 Bank | 0 | Due to TenSit Leasing | 15,000.00 |
| Loan | MVI Disburse | Transfer | 07/11/2007 | | Tenfit | Funds Transfer | 1093 : 5/3 Bank | 0 | Due to TenSit Leasing | 18,000.00 |
| Loan | MVI Liquidated Disbursement | Transfer | 06/05/2007 | | Tenfit | Funds Transfer | 1020 : Fifth Third Bank | 0 | 2438 : Due to TenSit | 16,000.00 |
| Loan | MVI Disburse | Bill Pmt - | 07/31/2007 | EFT | Tenfit | | 1093 : 5/3 Bank | 0 | 2000 : Accounts Payable | 25,000.00 |
| | | | | | Tenfit Total | | | | | 92,500.00 |
| Operations (vendor) | MVI Liquidated Disbursement | Check | 02/01/2006 | cashier chk | The Hancock Management Group, LLC | Fee for running Hancock 2007 W2's | 1020 : Fifth Third Bank | √ | 7230 : Office Expense | 3,016.58 |
| | | | | | The Hancock Management Group, LLC Total | | | | | 3,016.58 |
| Professional fees | MVI Liquidated Disbursement | Check | 08/13/2007 | wire | Thompson/McMullan | PACE & Hich Retainer | 1020 : Fifth Third Bank | √ | 7100 : Legal & Accounting | 20,000.00 |
| | | | | | Thompson/McMullan Total | | | | | 20,000.00 |
| Loan | MVI Disburse | Transfer | 06/19/2007 | | Titanium | Funds Transfer | 1093 : 5/3 Bank | 0 | 1133 : Due from Titanium | 7,000.00 |
| | | | | | Titanium Total | | | | | 7,000.00 |
| Payroll | MVI Disburse | Paycheck | 06/05/2007 | 1035 | Toni M. Higgans | | 1093 : 5/3 Bank | 0 | <SPLIT> | 1,516.88 |
| Payroll | MVI Disburse | Paycheck | 09/20/2007 | 1040 | Toni M. Higgans | | 1093 : 5/3 Bank | 0 | <SPLIT> | 1,516.88 |
| Payroll | MVI Disburse | Paycheck | 06/05/2007 | 1005 | Toni M. Higgans | | 1093 : 5/3 Bank | 0 | <SPLIT> | 1,850.15 |
| Payroll | MVI Disburse | Paycheck | 05/21/2007 | 1010 | Toni M. Higgans | | 1093 : 5/3 Bank | 0 | <SPLIT> | 1,856.48 |
| | | | | | Toni M. Higgans Total | | | | | 6,744.89 |
| Operations (vendor) | MVI Liquidated Disbursement | Check | 07/17/2007 | 1043 | United States Patent & Trademark Office | 2 Wheel Tuner Patent Fee | 1020 : Fifth Third Bank | √ | 7150 : License & Permits | 400.00 |
| | | | | | United States Patent & Trademark Office Total | | | | | 400.00 |
| Operations (vendor) | MVI Liquidated Disbursement | Check | 03/04/2008 | debit | www.asknet-shops.com | Eqalp purchase by Jodi for MVI | 1020 : Fifth Third Bank | 0 | 7200 : Office Expense | 59.99 |
| | | | | | www.asknet-shops.com Total | | | | | 59.99 |
| | | | | | Grand Total | | | | | 4,314,287.52 |

Case 6:08-bk-04327-ARS Doc 566-1 Filed 05/08/19 Page 80 of 99
Case 6:08-bk-04327-ARS Doc 562-1 Filed 05/02/19 Page 80 of 99

SoFA
EXHIBIT 4a

## Litigation Chart (By Case)

### PEO Related Collection Cases

| | | | |
|---|---|---|---|
| 1 | Paysource, Inc. & Bob Sacco v. Mirabilis Ventures, Inc., et al.<br>(US District Court, SD Ohio); Case No.: 3:07 cv 0129 | Preliminary motions pending; Counterclaims for $10MM - $15MM | Faruki Ireland & Cox P.L.L.<br>- Attorneys Martin A. Foos & Charles J. Faruki |
| 2 | Mirabilis Ventures, Inc. v. Jeffrey Reichel<br>(Broward County, FL); Case No.: CACE 07011827 | Mediation Proposed | Balch & Bingham, LLP<br>(Retain Ft. Lauderdale Counsel) |
| 3 | Clearpoint | Amount in controversy - $12MM | Balch & Bingham, LLP |

### Non-PEO Collection Cases

| | | | |
|---|---|---|---|
| 1 | Mirabilis Ventures, Inc. and Nexia Strategy Corp. v. Palaxar Group, LLC, et al.<br>(Orange County, FL); Case No.: 07-ca-13191 #37 | Amount in controversy - $7MM | Balch & Bingham, LLP |
| 2 | RKT Constructors, Inc. v. Del Kelley, Rebi Roberts<br>(Orange County, FL); Case No.: 2007-CA-012599-O | Amount in controversy - $5MM | Shutts & Bowen, LLP |
| 3 | Mirabilis Ventures, Inc., et al. v. Stratis Authority, Inc., et al.<br>(Orange County, FL); Case No.: 07-ca 13826 (37) | Amount in controversy - $12MM; Judgments entered in Mirabilis favor, waiting for appellate time to run | Shutts & Bowen, LLP |
| 4 | Mirabilis Ventures, Inc. v. Premier Servicing, LLC and Robert Konicki<br>(Orange County, FL); Case No.: 07-ca-13197 (34) | Amount in controversy - $800K | Shutts & Bowen, LLP |
| 5 | Mirabilis Ventures, Inc. v. Robert Lowder, et al.<br>(Orange County, FL); Case No.: 2006-CA-005742-O | Preliminary motions pending; Claim for $1MM | Shutts & Bowen, LLP |
| 6 | Kenneth A. Hendricks, et al. v. Mirabilis Ventures, Inc., et al.<br>(Middle District of Florida); Case No.: 8:07-cv-661-T17EAJ | Counterclaim for $5.3MM - $263MM | Balch & Bingham, LLP<br>Mateer & Harbert, P.A. |
| 7 | Berman, Kean & Riguera, P.A. v Mirabilis Ventures, Inc., Wellington Capital Group, Inc., AQMI Strategy Corp., Presidion Solutions, Inc., Paradyme, Inc., and Nexia Strategy Corporation<br>(Broward County, FL); Case No.: 07-024968 (21) | Amount in controversy - $250K<br>Stayed; Pending Mediation | Balch & Bingham, LLP<br>Mateer & Harbert, P.A. |
| 8 | Briarcliff Village, LLC v. Mirabilis Ventures, Inc.<br>(Circuit Court, Clay County, MO); Case No.: | Lease Guaranty; Mediation Pending | Martin, Pringle, Oliver, Wallace & Bauer, LLP |
| 9 | Advanced Digital Replication v. Durand Group and Mirabilis Ventures, Inc.<br>Case No.: V-07-615 | Complaint filed; preparing motion to dismiss | Horton, Maddox & Anderson, PLLC<br>- attorney Mike Anderson |
| 10 | William Gregory v. Floyd Road v. Mirabilis Ventures, Inc.<br>Case No.: 07-CA-010780 | Mirabilis filed counterclaim; default entered against Floyd Road | Shutts & Bowen, LLP<br>- attorney Eric Adams |
| 11 | Mirabilis Ventures, Inc. v. Secure Solutions | Foreclosure on Note - $5MM | Shutts & Bowen, LLP |
| 12 | Kenneth A. Hendricks, et al. v. Mirabilis Ventures, Inc., et al.<br>(Hillsborough County, FL); Case No.: DC-07-014201J | Defamation suit | Balch & Bingham, LLP |

### Atlantic American Cases

| | | | |
|---|---|---|---|
| 1 | Mirabilis Ventures, Inc. v. Forge Capital Partners, LLC, et al.<br>(Orange County, FL); Case No.: 07-CA-13828 #33 | Amount in controversy - $16MM | Balch & Bingham, LLP |
| (A) | Sycamore Investments, LLC, et al. v. Mirabilis Ventures, Inc., et al.<br>(Dekalb County, IL); Case No.: 07L24 | Amount in controversy - $500K | Langhenry, Gillen & Lundquist, LLC |
| (B) | Prime Acquisition Group, LLC v. Ionic Services, Inc., et al.<br>(Palm Beach County, FL); Case No.: 502007CA022420000MB | Bankruptcy anticipated for Ionic | Broad & Cassel |

### Amodeo's Company Cases

| | | | |
|---|---|---|---|
| 1 | Michael Mapes, et al. v. Wellington Capital Group, Inc.<br>(US District Court, NE) | Counterclaim pending - $3MM - $12MM | Gross & Welch, P.C, L.L.O. |
| 2 | Anthony T. Sullivan v. AQMI Strategy Corporation<br>(Orange County, FL); Case No.: 07-CA-0015981-O | Claim of $80K | Bates Mokwa, PLLC |

### Bankruptcy Matters

| | | | |
|---|---|---|---|
| 1 | NACI Chapter 7<br>(District of Utah); Case No.: 07-24900 | Amount in controversy - $2MM<br>Amount in controversy - $6MM | Lee Rudd Attorney at Law |
| 2 | Winpar Hospitality Chattanooga, LLC - Chapter 7<br>(Eastern District of Tennessee); Case No.: 07-11908 | Awaiting closing of property sale | Brien C. Smith |
| 3 | Mirabilis Ventures, Inc. v. J.C. Services, Inc., et al.<br>(Middle District, FL); Case No.: 6:06-cv-1957-orl-22krs | Defendant filed bankruptcy; collection being pursued in bankruptcy.<br>Amount in controversy - $1MM | Latham, Shuker, Eden & Beaudine, LLP |
| 4 | Coastal Equity Partners, LLC v. Pacific Atlantic Capital Corp., et al.<br>(Henrico County, VA); Case No.: CL 07-1960 | Amount in controversy - $2MM; Property to be sold and lien avoided | Thompson McMullen |

## Litigation Chart *(Settled of Dismissed)*

#### Cases Settled or Dismissed

| # | | | |
|---|---|---|---|
| 1 | Liberty Property Limited Partnership v. Mirabilis Ventures, Inc., et al. (Duval County, FL); Case No.: 2007-003642-CA-DIV. CV-H | Case settled | Bates Mokwa, PLLC |
| 2 | Tranmere Rovers Football Club v. Mirabilis Ventures, Inc. (Liverpool, England); Case No.: 7LV30022 | Settled | Bates Mokwa, PLLC |
| 3 | Joseph Ronald Pliego v. United Enterprises of Southwest Florida, Inc. d/b/a Fidelity United and Presidion Solutions, Inc. | Settlement - $450K to the plaintiffs | |
| 4 | Accessity Corp f/k/a DriverShield Corporation v. Mercator Group, LLC, et al. | Dismissal Pending | |
| 5 | Adaja Properties, LLC v. Mirabilis Ventures, Inc. (Hillsborough County, FL); Case No.: 007-006794 | Dismissed | Bates Mokwa, PLLC |
| 6 | Aerial Innovation v. Mirabilis Ventures, Inc. (Hillsborough County, FL); Case No.: 07-7716 | Dismissed | Bates Mokwa, PLLC |
| 7 | Community Health Solutions of America, LLC, Debtor Larry S. Hyman, Trustee v. Mirabilis Ventures, Inc., et al. (Middle District of FL); Case No.: 8:06-bk-01215 | Case Confirmed; decided in Mirabilis' favor | |
| 8 | HKS, Inc. d/b/a HKS Architects, Inc. v. Mirabilis Ventures, Inc., et al. (Dallas County, TX); Case No.: 3-07-cv-0577-L | Dismissed | |
| 9 | Mark Lang v. Mirabilis Ventures, Inc. (Orange County, FL); Case No.: 48-2007-CA-002929-0 | Settled | Bates Mokwa, PLLC |
| 10 | Sanjiv Matta v. Mirabilis Ventures, Inc., and John Haslett (Orange County, FL); Case No.: 06-CA-10139 DIV: 35 | Settled | Bates Mokwa, PLLC |
| 11 | Quintero, et al. v. Mirabilis Ventures, Inc., et al. (Broward County, FL); Case No.: 07002555 | Dismissed | Bates Mokwa, PLLC |
| 12 | Louis Ricci, Jr., Joe Schultz, and NLR, T LLC v. Mirabilis Ventures, Inc., and Simdag/Robel, LLC (Hillsborough County, FL); Case No.: 07-CA-001213 | Dismissal Pending | |
| 13 | River Street Architecture, LLC v. Win Par Hospitality Chattanooga (Hamilton County, TN) | Settled | |
| 14 | Southwest Doctors, P.A. v. AEM, Inc. d/b/a MirabilisHR (Harris County, TX); Case No.: 2007 12920 | Ch. 7 Bankruptcy Filed | |
| 15 | Unemployment Specialists, Inc. v. AEM, Inc. d/b/a MirabilisHR (Pinellas County, FL); Case No.: 07-3338c0-54 | Settled | Bates Mokwa, PLLC |
| 16 | Kennedy Funding v. Hayes Field Development Group, Inc., et al. (Osceola County, FL); Case No.: CI-07-MF-2279 | Subject property sold | |
| 17 | Cabot North Orange Leaseco, LLC v. Cantro Executive Offices Corp., et al. (Orange County, FL) | Company dissolved; waiting for court resolution. | Bates Mokwa, PLLC |
| 18 | Guarantee Insurance Co. v. Workers Temporary Staffing, Inc. (Seminole County, FL) | Attorney fees awarded to Workers Temporary Staffing; between $70K - $120K | Bates Mokwa, PLLC |
| 19 | Kennedy Funding, Inc. v. Palm Suites Land Trust, et al. (Osceola County, FL) | Contract for Sale pending; remaining issue is plaintiff charges; Mirabilis issues resolved | Bates Mokwa, PLLC |
| 20 | RKT Contractors, Inc. v. James Sadrianna, as successor trustee of the Palm Suites Land Trust (Osceola County, FL); Case No.: CI-07-CI-2863 | Judgment has been entered and settlement is pending. Amount in controversay - $100 K | Wright, Fulford, Moorhead & Brown, P.A. |
| 21 | David Chaviers, Norman Chaviers, Kellie Ledbetter and Tom Hancock v. Mirabilis Ventures, Inc. and Frank Amodeo, et al. (Northern District of Alabama); Case No.: CV-07-0442-cls | Settlement agreement being finalized. | Balch & Bingham, LLP |
| 22 | Mirabilis Ventures, Inc. v. Edward Files | Settled for $75K | Shutts & Bowen, LLP |
| 23 | Carlton Fields v. Mirabilis Ventures, Inc. | Settled for $25K | |
| 24 | AEM, Inc. d/b/a Mirabilis HR v. Progressive Employer Services, LLC (Brevard County, FL); Case No.: 05-2007-CA-006526 | Injunction in favor of AEM issued; discovery commencing. Amount in controversy - $250K - $500K. | Bates Mokwa, PLLC |
| 25 | Coleman v. Mirabilis Ventures, Inc. (Chester County, PA); Case No.: 07-02615 | Dismissed | Brown Stone Nimeroff LLC |
| 26 | US EEOC v. Ormond Restaurant Concepts, Inc. D/B/A Frogger's Grill and Bar, and AEM, Inc. D/B/A Mirabilis HR (Orange County, FL); Case No.: 6:07-CV-1549-ORL-19-UAM | Settled | Ford & Harrison, LLP |
| 27 | Brevard County v. RKT Contractors, Inc. (Brevard County, FL); Case No.: 05-2007-CA-12251 | Settled | Shutts & Bowen, LLP |
| 28 | Bellsouth v. RKT Contractors, Inc., et al. (Orange County, FL); Case No.: 04-CA-9660 | Settled | Wright, Fulford, Moorhead & Brown, P.A. |
| 29 | Mirabilis Ventures, Inc. v. Brentwood Capital Corporation & Charles Spinelli (Southern District of New York) | Dismissed | |
| 30 | Dutko Global Advisors LLC v. AQMI Strategy Corporation (Orange County, FL); Case No.: 07-CA-18164 | Settled | Shutts & Bowen, LLP |
| 31 | Capital Office Products v. Mirabilis Ventures, Inc. (Volusia County, FL); Case No.: 2007 34950 COCI | Settled | |
| 32 | CDW Corporation, Inc. v. Information Systems, Inc. (Cook County, IL); Case No.: 2007 1002446 | Settled | |
| 33 | RKT Constructors, Inc. v. Florida Dept. of Transportation (Broward County, FL); Case No.: 05-2003-CA-047397 | Settled; waiting for documents to be signed. | Wright, Fulford, Moorhead & Brown, P.A. |
| 34 | RKT Constructors, Inc. v. Florida Dept. of Transportation (Broward County, FL); Case No.: 05-2006-CA-060518 | Settled; waiting for documents to be signed. | Wright, Fulford, Moorhead & Brown, P.A. |
| 35 | John Burcham v. Mirabilis Ventures, Inc. (Broward County, FL); Case No.: 07-008432 (03) | Stayed; Burcham filed for Chapter 7 bankruptcy | Balch & Bingham, LLP |
| 36 | Providence v. Paradyme, Inc., d/b/a Presidion Solutions VI (Eastern District, TX); Case No.: 4:07-CV-202 | Settled | Craddock, Davis & Krause, LLP - Attorney Kent C. Krause |
| 37 | Sam Hopkins, Trustee v. Secure Solutions, Todd Pattison and Mirabilis Ventures, Inc. Case No. 06-40301-JDP / Adversary Proceeding No. 08-8005 | Settled | Moffatt Thomas Barrett Rock & Fields - attorney Randy Peterman |

**Judgments Entered or Restitution Ordered for the Benefit of Mirabilis**

| | | | |
|---|---|---|---|
| 1 | United States v. Steven Edwards, Sierra Administration (Docket No. 1:05CR265) | Restitution ordered for $8MM | |
| 2 | United States of America v. Spinelli, McCarths, et al. (Southern District of Florida); Case No. 05-60212-CR-JORDAN(S)/TORRES | $5MM; Restitution Anticipated | |
| 3 | Presidion Corporation v. Arrow Creek, Inc., James Gelinas and Colin Wilson (Palm Beach County, FL) | Default judgment granted to Presidion | |

SoFA
EXHIBIT 18

| Status | MVI Owned Entities | % |
|---|---|---|
| Active | 2Wheel Tunes, Inc. | 100.00% |
| S/D | A Very Private Eye, Inc. | 25.00% |
| S/D | ABS IV, Inc. | 100.00% |
| | Absolute Packaging Engineered Solutions, LLC | 100.00% |
| Ch 11 | AEM, Inc. d/b/a Mirabilis HR | 100.00% |
| S/D | Alliance Compensation & Benefits Group, Inc. | 100.00% |
| S/D | Alliance Group, Inc. | 100.00% |
| S/D | Alliance Worldwide, Inc. | 100.00% |
| S/D | Allstaff Management, Inc. | 100.00% |
| S/D | Allstaff Personnel Management, Inc. | 100.00% |
| S/D | Analytic Data Systems, Inc. | 100.00% |
| Active | Auke Hempenius Enterprises, Inc. | 100.00% |
| S/D | Axena International, LLC | 25.00% |
| S/D | Axena Solutions, LLC | 25.00% |
| S/D | Axena USA, LLC | 25.00% |
| Active | Axena, Inc. | 25.00% |
| S/D | BenComp National Corporation | 100.00% |
| Active | Bison Mortgage Corp. | 42.00% |
| S/D | Cadent Administrators, Inc. | 100.00% |
| S/D | Cadent Underwriters, Inc. | 100.00% |
| S/D | Centerpoint CS, LLC | 25.00% |
| S/D | Centro Executive Offices Corporation | 100.00% |
| S/D | CHS of America, Inc. | 100.00% |
| S/D | Coastal Equity Partners, LLC | 50.00% |
| Active | Common Paymaster Corporation | 100.00% |
| S/D | Common Paymaster Corporation II | 100.00% |
| Active | Common Paymaster II | 100.00% |
| S/D | Common Paymaster III | 100.00% |
| S/D | Community Health Solutions of America, LLC | 100.00% |
| S/D | Creative Insurance Concepts, Inc. | 100.00% |
| S/D | Desert Valley Aviation, Inc. | 100.00% |
| S/D | Diamond Jaxx Properties, LLC *Name change from Mirabilis Baseball, LLC | 100.00% |
| Active | DigitEyes Corporation | 100.00% |
| S/D | DVD Marketing Group, Inc. d/b/a Duran Media Group | 100.00% |
| S/D | EaglePoint Partnership, Inc. | 100.00% |
| S/D | EarthSource Corporation | 100.00% |
| S/D | Earthsource Holdings, LLC | 100.00% |
| | Empire Global Strategies, Inc. | 100.00% |
| S/D | FLHP-MS, LLP | 70.00% |
| S/D | Florida Industrial Electric, Inc. | 100.00% |
| Merged | Fox Technology Series E *Merged with Axena, Inc. and Axena UK Ltd. | |

|  | Gibraltar Integrity Corporation | 100.00% |
|--|--|--|
|  | Global Brokers Franchising, LLC d/b/a EmQuest Business | |
| S/D | Brokers | 100.00% |
| S/D | Global Vision Group Holdings, LLC | 84.20% |
| Active | Hoth Holdings, LLC | 90.00% |
| S/D | HR Remedies, Inc. | 100.00% |
| S/D | Information Systems, Inc. | 100.00% |
| S/D | InLine Technology Marketing, Inc. | 100.00% |
| S/D | Insurance Indemnity Investment, Inc. | 100.00% |
| S/D | Investment Title Services, Inc. | 100.00% |
| Active | Ionic Services, Inc. | 80.00% |
| S/D | Ithor Capital, LLC | 90.00% |
|  | It's Your Move, Inc. | 100.00% |
| S/D | Kevin Munroe Consulting, LLC | 100.00% |
| S/D | Lake Suite Hotel, Inc. | 100.00% |
| S/D | Legend Holdings of America, Inc. | 100.00% |
| S/D | LTSS, Inc. | 100.00% |
| S/D | Mirabilis Nexia Global LTD. | 100.00% |
| S/D | National Med-Staff, Inc. d/b/a Premier HR Services | 100.00% |
|  | Neighborly Services, Inc. d/b/a Professional Personnel | |
| S/D | Management | 100.00% |
| S/D | New Florida Industrial Electric, Inc. | 75.00% |
| Active | Nexia Strategy Corporation | 100.00% |
| S/D | Nexia Strategy Japan, LTD. | 100.00% |
|  | Nexia Strategy LTD. (UK) | 100.00% |
| Ch 7 | North American Communications, Inc. | 100.00% |
| S/D | Old Southern Bank Certificate | 0.30% |
| S/D | P.R.B. Design Studio, Inc. | 100.00% |
| Active | Pacific Atlantic Capital Corp. | 100.00% |
| S/D | Pacific Atlantic STF Corp. | 100.00% |
| S/D | Paradyme National Insurance Brokers, Inc. | 100.00% |
| Active | Payroll Concepts, Inc. | 100.00% |
| S/D | PowerCentric, Inc. | 100.00% |
| S/D | Provima, Inc. | 75.00% |
| S/D | Quasar Construction, Inc. | 100.00% |
| Active | RF Scientific, Inc. | 98.00% |
|  | RiskERA Software Corporation *Name change from | |
| S/D | Cerulean Graphics, Inc. | 100.00% |
| Active | RKT Constructors, Inc. | 80.00% |
|  |  |  |
| Active | Secure Solutions, LLC | 1.00% |
| Active | Security Imaging Systems, Inc. | 100.00% |
| S/D | SIPS Team USA, Inc. | 100.00% |
| S/D | Siren Resources, Inc. | 100.00% |
| S/D | Solutions Funding, Inc. | 42.00% |
| S/D | Statim Satellite, Inc. | 100.00% |
| S/D | Synergy Technology Fabrication LLC | 100.00% |

Page 2 of 3

| | | |
|---|---|---|
| S/D | Tactical Intelligence Investigations, LLC | 49.00% |
| S/D | Teknovation Corporation | 84.20% |
| S/D | Tellus Motor Company | 100.00% |
| S/D | Terra Structures, Inc. | 100.00% |
| S/D | The Hancock Group, Inc. d/b/a Distinct HR; Employer Resources; Logical HR | 100.00% |
| S/D | The Human Resources Enterprises Corporation | 100.00% |
| S/D | The Leib Group | 100.00% |
| S/D | The Provider Management Group, Inc. | 25.00% |
| | Theory3 d/b/a Tireflys | 40.00% |
| S/D | UNEX Corporation | 100.00% |
| S/D | Universal Analytics, Inc. | 100.00% |
| S/D | Venture Resources, Inc. | 100.00% |
| S/D | Wimco Global, Inc. | 100.00% |
| Ch 7 | WinPar Hospitality Chattanooga, LLC | 100.00% |
| Active | World Wrestling Legends LLC | 80.00% |

NOTE: S/D = Sold or Dissolved

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                          CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                       CHAPTER 11

                    Debtor.
_____/

## CHAPTER 11 DEBTOR'S DECLARATION UNDER PENALTY OF PERJURY CONCERNING BANKRUPTCY STATEMENT OF FINANCIAL AFFAIRS OF DEBTOR, MIRABILIS VENTURES, INC.

I, **R.W. CUTHILL, JR.**, President of Mirabilis Ventures, Inc., named as debtor (the "Debtor") in this case, declare under penalty of perjury under the laws of the United States of America, that I have read the foregoing Statement of Financial Affairs (the "Statement"), consisting of _21_ sheets, that the Statement is based on information that I have been able to identify, locate, and obtain from the Debtor's books and records available to me since my appointment as President, and that the Statement is true and correct to the best of my knowledge, information and belief.

Date: _7/11/08_                 Signature: _____
                                            R.W. Cuthill, Jr.
                                            President, Mirabilis Ventures, Inc.

**************************************************

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571*

# EXHIBIT IDENTIFICATION COVER SHEET

Debtor Exhibit No. __J__

Debtor _____ Mirabilis Ventures, Inc.

Case No. _____ 6:08-bk-04327-KSJ

Plaintiff(s)

_____

Defendant(s)

_____

Adv. Proc. No. _____

Filed for Identification _____ 5/19/10

Admitted in Evidence _____ 5/19/10

Date _____ 5/19/10

Nature of Proceeding ___ Evidentiary Hearing on Debtor's Motion to Confirm Property of the Estate Under the Court Approved Compromise with the United States of America (DE# 526)

United States Bankruptcy Court
for the Middle District of Florida

By _____,
     Clerk

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MIRABILIS VENTURES, INC., and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

    v.

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH
CURRY a/k/a EDITH BROADHEAD;
and TERENCE CHU,

    Defendants,

    v.

MIRABILIS VENTURES, INC., et al.,

    Third Party Defendants,

Case No. 6:07-cv-01788-Orl-28KRS

_____/

## NOTICE OF APPEARANCE

The United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, files this Notice of Appearance of the undersigned as additional counsel for the United States in the above captioned case.

Dated: March 29, 2010

Respectfully submitted,

A. Brian Albritton
United States Attorney

By:   /s/ Scott H. Park
Scott H. Park
Assistant U. S. Attorney
Identifying No. USA084
501 W. Church Street, Suite 300
Orlando, Florida 32805
Telephone:   407/648-7500
Facsimile:    407/648-7643
E-Mail:  scott.park@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants:

John Russell Campbell
Balch & Bingham

Jane S. Raskin/Martin R. Raskin
Raskin & Raskin

Kathleen B. Havener
The Havener Law Firm

Todd K. Norman
Nicolette Corso Vilmos
Broad & Cassel

James R. Lussier
Mateer & Harbert

Craig S. Warkol
Bracewell & Giuliani

and sent a copy of regular U.S. mail, postage paid, to the following non-CM/ECF participants:

Terence Chu
5637 Country Hills Lane
Glen Allen, VA 23059

Frank Amodeo
48883-019
B-3
FCC-Low
P.O. Box 1031
Coleman, FL 33521

/s/ Scott H. Park
Assistant United States Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC., and
NEXIA STRATEGY CORPORATION,          :

    Plaintiffs,                      :

    v.                               :

                             Case No. 6:07-cv-01788-Orl-28KRS

PALAXAR GROUP, LLC;                  :
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH              :
CURRY a/k/a EDITH BROADHEAD;         :
and TERENCE CHU,

    Defendants,                      :

    v.                               :

MIRABILIS VENTURES, INC., et al.,    :

    Third Party Defendants,          :
_____/

**UNITED STATES' OBJECTION TO SUBSTITUTION OF COUNSEL FOR
NEXIA STRATEGY CORPORATION**

    The United States of America, by and through undersigned counsel, hereby

responds to the motion of Broad and Cassel to be substituted as counsel for Nexia

Strategy Corporation in place of Balch and Bingham.  See Doc. 209.  The United

States objects to this motion to substitute.

    First, Nexia is now the property of the United States and, as such, cannot be

represented by private counsel without the consent of the Government.  On

November 16, 2009, this Court entered an Order of Forfeiture in United States v.

Amodeo, Case No. 6:08-cr-176-Orl-28GJK, forfeiting to the United States the

interests in various corporate entities, including Nexia Strategy Corporation.

Similarly, in the pending bankruptcy case, Mirabilis Ventures, Inc., Case No. 6:08-

bk-4327-KSJ, the court entered an Order on March 5, 2009, approving a compromise between the debtors and the United States whereby various assets were forfeited to the Government and not made part of the bankruptcy estate, including Nexia Strategy Corporation.  As a result of these orders, the United States owns Nexia.  Broad and Cassel has no authority to represent the interest of Nexia in this case.

Furthermore, it is the position of the United States that the bankruptcy court's order approving the compromise does not authorize Mirabilis to represent the interests of Nexia in this litigation.  The motion for compromise provided that certain assets would be retained and administered by the debtors' bankruptcy estates.  In part, those assets include Mirabilis Ventures, Inc. and this lawsuit.  The order of compromise, however, can only be read as providing that Mirabilis' interest in this litigation – not Nexia's – remains part of the bankruptcy estate.  To interpret the bankruptcy compromise as permitting Mirabilis to continue representing Nexia's interest in this case simply because Nexia was a wholly owned subsidiary ignores the fact that Nexia now belongs to the United States.

Dated; March 29, 2010

Respectfully submitted,

A. Brian Albritton
United States Attorney

By:    /s/ Scott H. Park
       Scott H. Park
       Assistant U. S. Attorney
       Identifying No. USA084
       501 W. Church Street, Suite 300
       Orlando, Florida 32805
       Telephone:   407/648-7500
       Facsimile:   407/648-7643
       E-Mail:  scott.park@usdoj.gov

2

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants:

John Russell Campbell
Balch & Bingham

Jane S. Raskin/Martin R. Raskin
Raskin & Raskin

Kathleen B. Havener
The Havener Law Firm

Todd K. Norman
Nicolette Corso Vilmos
Broad & Cassel

James R. Lussier
Mateer & Harbert

Craig S. Warkol
Bracewell & Giuliani

and sent a copy of regular U.S. mail, postage paid, to the following non-CM/ECF participants:

Terence Chu
5637 Country Hills Lane
Glen Allen, VA 23059

Frank Amodeo
48883-019
B-3
FCC-Low
P.O. Box 1031
Coleman, FL 33521

/s/ Scott H. Park
Assistant United States Attorney

3

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MIRABILIS VENTURES, INC., and
NEXIA STRATEGY CORPORATION,**

**Plaintiffs,**

-vs-                                          **Case No.  6:07-cv-1788-Orl-28GJK**

**PALAXAR GROUP, LLC, PALAXAR
HOLDINGS, LLC, FRANK HAILSTONES,
EDITH CURRY, and FICTITIOUS
DEFENDANTS 1 THROUGH 8,**

**Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR SUBSTITUTION OF COUNSEL (Doc. No. 209)** |
| **FILED:** | **March 9, 2010** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

On March 9, 2010, Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation

("Nexia") (collectively, the "Plaintiffs") filed a Motion for Substitution of Counsel (the "Motion").

Doc. 209.  The Motion requests an order granting the withdrawal of Allen M. Estes, Esq. and John

Russell Campbell, Esq. ("Estes and Campbell") as Plaintiffs counsel of record and substituting Todd

K. Norman, Esq. and Nicolette Vilmos, Esq. as Plaintiffs' counsel of record. *Id*. On March 11, 2010,

Edith Curry and Frank Hailstones (the "Curry and Hailstones") filed a response (the "Response") to the Motion arguing that it should be denied because: 1) Plaintiffs' current counsel has not filed a notice of intent to withdraw; and 2) Nexia Strategy Corporation is now the property of the United States government as a result of an order from a Bankruptcy Court and, therefore, Todd K. Norman, Esq. and Nicolette Vilmos, Esq. may not represent Nexia Strategy Corporation without the consent of the United States. Doc. No. 215 at 2-3. Curry and Hailstones request that if the Court grants the Motion, that it retain jurisdiction over Plaintiffs' current counsel with respect to their conduct in this case. *Id.* at 3. Curry and Hailstones do not provide any facts or law to support their argument that the Court should retain jurisdiction overt Plaintiffs' current counsel.

On March 15, 2010, Estes and Campbell, without seeking leave of Court, filed a reply to the Response. Doc. No. 218. The reply fails to comply with Local Rule 3.01(c) and, therefore, the Court will not consider it. The Clerk is directed to **STRIKE** the reply (Doc. No. 218).

On March 18, 2010, pro se Defendant Terence Chu ("Chu") filed a response in opposition ("Chu's Response") arguing that the Motion should be denied because: 1) substituting counsel will unduly delay the case; 2) Chu intends to file a Rule 11 motion against Estes and Campbell; and 3) no attorney representing Mirabilis made an attempt to confer with Chu prior to filing the Motion. Doc. 220 at ¶¶ 1, 4, 8. Attached to Chu's Response is a December 15, 2009 letter he sent to Messrs Estes, Norman, and others advising that he would file a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure unless the claims against him in this case are dismissed. Doc. No. 220 at 10-11. Rule 11(b), Federal Rules of Civil Procedure, requires that a motion for sanctions under Rule 11 must be served on the opposing party at least twenty-one days before filing the motion with the Court.

-2-

*Id.* From what is stated in his letter, it appears that Chu did enclose a copy of his proposed Rule 11 motion with his letter, but the motion is not attached to Chu's Response and, to date, Chu has not filed a Rule 11 motion. *See* Doc. No. 220 at 12. Thus, Chu has failed to establish a basis for the Court to retain jurisdiction over Estes and Campbell.

On March 29, 2010, the United States (the "Government") filed an objection (the "Objection") to the Motion as to Nexia. Doc. No. 225. The Government asserts that Nexia is now the property of the Government pursuant to an order of forfeiture in *United States v. Amodeo*, Case No. 6:08-cr-176-Orl-28GJK. Doc. No. 225 at 1. Moreover, in a pending bankruptcy case, *Mirabilis Ventures, Inc.*, Case No. 6:08-bk-4327-KSJ, the Government asserts that the court entered an order "approving a compromise . . . whereby various assets were forfeited to the Government and not made part of the bankruptcy estate, including Nexia. . . ." Doc. No. 225 at 2. As a result, the Government maintains that Norman and Vilmos have "no authority to represent the interest of Nexia in this case," and Mirabilis has no authority to represent the interests of Nexia in this litigation. Doc. No. 225 at 2.[1]

Based on the forgoing, the Motion is **GRANTED in part and DENIED in part**. It is hereby **ORDERED**:

1.      Estes and Campbell's request to withdraw as counsel of record for Mirabilis and Norman and Vilmos's request to be substituted as counsel of record for Mirabilis is **GRANTED**;

2.      The Motion is otherwise **DENIED**; and

---

[1] Since the order of the bankruptcy court, no attorney has filed a notice of appearance on behalf of Nexia besides its current counsel.

3.   Pursuant to Local Rule 2.03(e), a corporation may not proceed pro se. Therefore,

Nexia is directed to retain substitute counsel and have substitute counsel file a

notice of appearance on behalf of Nexia within fourteen (14) days. After the expiration

of fourteen days or after substitute counsel makes an appearance, Estes and Campbell

will be permitted to renew their motion to withdraw as counsel of record for Nexia.

**DONE** and **ORDERED** in Orlando, Florida on April 29, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Parties

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT IDENTIFICATION COVER SHEET

Debtor Exhibit No.  __K__

Debtor _____ Mirabilis Ventures, Inc.

Case No. _____ 6:08-bk-04327-KSJ

Plaintiff(s)

_____

Defendant(s)

_____

Adv. Proc. No. _____

Filed for Identification _____ 5/19/10

Admitted in Evidence _____ 5/19/10

Date _____ 5/19/10

Nature of Proceeding __ Evidentiary Hearing on Debtor's Motion to Confirm Property of the Estate Under the Court Approved Compromise with the United States of America (DE# 526)

United States Bankruptcy Court
for the Middle District of Florida

By _____,
   Clerk

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re                                    )
                                         )
MIRABILIS VENTURES, INC.,                )        Case No. 6:08-bk-04327-KSJ
                                         )        Chapter 11
          Debtor.                        )
                                         )
─────────────────────────────────       )
                                         )

ORDER SETTING EVIDENTIARY HEARING ON
DEBTOR'S MOTION TO CONFIRM PROPERTY OF THE ESTATE UNDER THE COURT
APPROVED COMPROMISE WITH THE UNITED STATES OF AMERICA

This case came on for hearing on April 22, 2010, on the debtor's Motion to Confirm Property of the Estate under the Court Approved Compromise with the United States of America (Doc. No. 526). The debtor's motion seeks an order establishing its ownership rights to prepetition claims in ongoing litigation in federal district court that are held by one of the debtor's wholly owned subsidiaries, Nexia Strategy Corporation. The debtor argues that its ownership of Nexia's claims was established under a settlement agreement with the United States of America, which was approved by this Court on March 4, 2009 (Doc. No. 145). The USA asserts the opposite—that the settlement agreement granted it ownership of Nexia's claims.

The settlement agreement is ambiguous on this point. The lawsuit under dispute is referred to in the settlement agreement as "Mirabilis Ventures, Inc. and Nexia Strategy Corp. v. Palaxar Group, LLC, et al." and is specifically listed under section (d) of the Debtor's Asset List. The debtor argues that because the lawsuit is listed in this section, the parties intended that the debtor would retain the claims of both Mirabilis and Nexia. "Nexia Strategy Corporation," however, is listed under section (cc) of the Government Asset List. And the preamble to that section states that "[t]he assets of the following corporations, including *but not limited to* the below listed lawsuits and/or settlements" (emphasis added) are the government's assets. The government thus argues that under this section it received the right to all of Nexia's assets,

including its claims in the Palaxar lawsuit, despite no specific reference in section (cc) to the Palaxar lawsuit.

Because there is an ambiguity in the settlement agreement, the Court cannot settle this dispute by reference to the settlement agreement alone. The Court has therefore determined that an evidentiary hearing is required on the sole issue of the parties' intent at the time of drafting the settlement agreement regarding ownership of Nexia's claims in the Palaxar lawsuit.

Accordingly, it is

ORDERED that an evidentiary hearing shall be conducted on **May 19, 2010, at 2:00 p.m.** to allow the parties an opportunity to present parol evidence on the parties' intent.

DONE AND ORDERED in Orlando, Florida, on May 4, 2010.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies furnished to:

Debtor: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., 341 N. Maitland Ave. #210, Maitland, FL 32751

Debtors' Attorney: Latham Shuker Eden & Beaudine LLP, attn. Justin Luna, 390 N. Orange Ave. Suite 600, Orlando FL 32801

Special Counsel for Debtor: Broad and Cassel, attn. Roy Kobert, 390 N. Orange Ave., Suite 1400, Orlando, FL 32801

Attorney for USA: Scott H. Park, Assistant U.S. Attorney, ID No. USA084, 501 W. Church St., Suite 300, Orlando, FL 32805